## FIREMAN'S FUND INS. CO. v. IGERT, Inc.
### No. 72.

District Court, W. D. Kentucky,
Paducah Division.

Dec. 30, 1941.

McMurry & Shoup, of Paducah, Ky., and Pope & Ballard, of Chicago, Ill. (Wheeler & Shelbourne, of Paducah, Ky., of counsel), for libelant.

Waller & Threlkeld, of Paducah, Ky., for respondent.

MILLER, District Judge.

The libelant filed this action to recover damages resulting from the sinking of a boat while being towed by the towboat Vixen which was owned and operated by the respondent. The respondent moved the Court to require the libelant to file certain contracts and documents, the existence of which are necessary to vest any cause of action in the libelant, and to require the libelant to state specifically the acts of negligence on the part of respondent relied upon by the libelant. The respondent has also filed exceptions to the libel on the ground that it does not state facts sufficient to constitute a cause of action.

The libel sets out the contract of towage, and then alleges that while the contract was being performed the boat was in the exclusive custody and control of the respondent and sank in the Ohio River without having struck or been struck by any object. It then alleges that the agents and employees of the respondent in charge of the Vixen were on said occasion guilty of gross negligence and carelessness as the direct and proximate result of which the boat was caused to sink. The libelant was the insurer under a policy of Marine insurance; paid a loss claim of $7,500 and claims to be subrogated to the rights of the owner of the sunken boat.

Respondent's motion to require the libelant to file the papers and documents referred to should be sustained. The existence of these documents are necessary for libelant's cause of action and should be made available for respondent's examination.

Respondent's other motions are based upon the fact that the libel does not state any specific acts of negligence. It is its contention that a general allegation of negligence, which is permissible under the state rule of pleading, is not sufficient in

Admiralty proceedings. It relies upon the ruling in Stevens v. The White City, 285 U.S. 195, 52 S.Ct. 347, 76 L.Ed. 699, which holds that under a towage contract the tug is not a bailee of the vessel in tow, and that evidence showing a tug's receipt of a tow in good order and delivery in a damaged condition raises no presumption of negligence. I agree with the ruling in that case but it does not seem to be applicable to the present situation. The decision held that while the tug was not an insurer yet it did owe to the owner of the vessel in tow the duty to exercise such reasonable care and maritime skill as prudent navigators employ for the performance of similar service. It pointed out that the cause of action was in tort rather than ex contractu and that the burden of proof as to respondent's negligence rested upon the libelant. Its ultimate finding was that the evidence offered did not sustain the burden of proof. In the present case the libel is based upon negligence, rather than upon contract, and specifically alleges that the damage was done by the respondent's gross negligence and carelessness. The question as to whether or not the evidence to be offered at the trial will meet the burden of proof is not yet before the Court.

The general rule in Admiralty seems to be that it is not sufficient to charge negligence in general terms but that facts should be stated showing the particular acts of negligence which produced the injury. Benedict on Admiralty Sixth Edition, Volume 2, page 99; 63 Corpus Juris, page 66. However, it would seem equally well settled that under certain conditions when the exact acts are not known such a particular statement is not necessary but it is sufficient to make a more general statement of the situation out of which the accident arose, and that such a general statement is sufficient to establish a prima facie case and to cast the burden upon the respondent of explaining how the accident happened without negligence on its part. The Reichert Line, 2 Cir., 64 F.2d 13, and cases therein cited; Burr v. Knickerbocker Steam Towage Co., 1 Cir., 132 F. 248; The Steamer Webb, 14 Wall. 406, page 414, 20 L.Ed. 774; Inland & Seaboard Coasting Co. v. Tolson, 139 U.S. 551, 554, 555, 11 S.Ct. 653, 35 L. Ed. 270. In the opinion of the Court the allegations of the libel are sufficient to meet the requirement of the general rule as modified. Accordingly, the respondent's motion to require the libelant to state specifically the act of negligence relied upon, and its exception to the libel are both overruled.