**William ANDREWS, Libellant,**

v.

**DRAVO CORPORATION, Respondent.**

No. 65-002.

United States District Court
W. D. Pennsylvania.

April 6, 1965.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

Bruce R. Martin, Pittsburgh, Pa., for defendant.

ROSENBERG, District Judge.

The matter here concerns the exceptions filed by the respondent to the libellant's libel and complaint in Admiralty.

The libellant avers that in or about the month of July, 1962, he was employed as a deckhand aboard one of respondent's river vessels. He alleges that while in the respondent's employ he was suffering from diabetes, arterioschlerotic obliterans and a cardio-vascular illness and disability. While so employed, the libellant says that he injured his left foot as he was walking along the gunnell of one of the respondent's barges, due allegedly to the respondent's negligence and the unseaworthiness of the barge in the failure to keep the gunnell or walkway clear of gravel or other foreign substance which allegedly caused the libellant to slip and stumble and injure his foot.

It is averred that the respondent failed to furnish the libellant maintenance and cure as a result of which libellant's disability increased and caused an aggravation of the injury.

It is further averred in the libel and complaint that the libellant was injured in or about the latter part of February or early part of March 1964, while employed aboard the respondent's river towboat. The libellant states that he was handling a line or cable when a face wire suddenly and without warning jerked and struck him on the left hand, fracturing his left thumb, causing serious and permanent injuries and disabilities and aggravating the pre-existing vascular and circulatory condition. Again it is alleged that the respondent failed to furnish maintenance and cure with respect to this injury. The libellant claims damages for failure of the respondent to furnish maintenance and cure, for continued pain and suffering, starvation, loss of wages, impairment of earning power and counsel fees in the amount of $50,000.00.

The exceptions filed by the respondent raise the question of lis pendens since the libellant filed a civil action against the same respondent for the two claimed accidents. The respondent argues that under the decision in Fitzgerald v. United States Lines Company, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963) the old practice of splitting the three causes of action for a maritime tort was condemned.

In the Fitzgerald case, the trial judge granted a jury trial to the claimant on a Jones Act negligence claim and on an unseaworthiness claim. However, the trial judge reserved the right to hear and determine the maintenance and cure claim after the jury had decided the Jones Act claim and the unseaworthiness claim. The United States Supreme Court decided that this was error. It held that when a Jones Act claim is joined with a maintenance and cure claim the libellant is entitled to a jury trial, when both claims arise out of one set of facts. In reaching its decision, the Court said at page 18, 83 S.Ct. at page 1649:

"* * * Although remedies for negligence, unseaworthiness, and maintenance and cure have different origins and may on occasion call for application of slightly different principles and procedures, they nevertheless, when based on one unitary set of circumstances, serve the same purpose of indemnifying a seaman for damages caused by injury, depend in large part upon the same evidence, and involve some identical elements of recovery. Requiring a seaman to split up his lawsuit, submitting part of it to a jury and part to a judge, unduly complicates and confuses a trial, creates difficulties in applying doctrines of res judicata

and collateral estoppel, and can easily result in too much or too little recovery. * * * "

Fitzgerald holds that a maintenance and cure claim joined with a Jones Act claim must be submitted to a jury when both arise out of one set of facts and when the plaintiff demands a jury trial on all issues. I believe what has been said is the extent of the Fitzgerald ruling by the Supreme Court. The Court does, however, in its discussion of the problem presented indicate that what is essentially one lawsuit be settled by one trier of fact. The statement of the Court here is:

"Only one trier of fact should be used for the trial of what is essentially one lawsuit to settle one claim split conceptually into separate parts because of historical developments."

In the instant case the libellant's proctor has carefully circumvented the Fitzgerald decision. For instance, it is to be noticed that in the instant case, Admiralty No. 65–002, the libel was filed on January 7, 1965. In the libel he claims damages for failure to provide maintenance and cure. This cause of action is exactly the same as that set forth in the first count in Civil Action 65–015, filed the same date. But in the admiralty case, the second cause of action is for maintenance and cure which, of course, is historically filed in admiralty as was done in this case. The second count in the civil action, however, is the Jones Act count claiming damages for an injury received in March 1964 and in which the unseaworthiness of the vessels and barges is also alleged. Thus in the situation presented in the two cases the plaintiff is entitled unquestionably to a jury trial in the civil case.

The first exceptions to the libel under Sub-paragraphs A, B, C, and D raise an issue as to whether since Fitzgerald it is now proper to separate causes of action of the kind mentioned into one or more lawsuits. Contention is made by the respondent's counsel that all causes of action should be incorporated in one pleading. There is something to

be said for that proposition under the Fitzgerald decision, but it is not believed that a libellant can be presently compelled to combine his causes of action in a pleading filed on either the civil side or the admiralty side of the Court. But the spirit of the Fitzgerald decision is carried out, and the rights of the parties are preserved by an order which would combine the two causes of action for trial purposes, as well as any discovery. As the first two causes of action are the same in both cases, a consolidation order is appropriate as it saves trial time of the court and counsel. *In the trial of the Jones Act phase of the case, if the libellant does not desire to submit his maintenance and cure case to the jury, then the judge may hear it contemporaneously with the Jones Act case as has been done heretofore.* In any event, the consolidation order should satisfy the respondent's first exception filed to the libel. It will be so ordered.

The respondent objects to the this respect.

The respondent complains also that damage claims are not set out in the libel. There need be no averment of specific sums claimed for maintenance failure of the libellant to set out in the libel that he is presently a seaman or was merely a seaman when he became injured. The libel should be amended in or cure; however, it is required that the facts supporting such claims be set out. Also, where as here charged, there have been a number of failures on the part of the respondent in regards to its duty to the libellant for maintenance and cure, it is incumbent upon the libellant to state which of his claimed injuries were aggravated and prolonged by each of the claimed failures of the respondent. Fireman's Fund Insurance Co. v. Igert, Inc., 42 F.Supp. 205 (1942). The libellant will be required to so amend his libel and complaint.

Finally, the respondent states in its exceptions that the libel fails to conform to Admiralty Rule 22 of the United States Supreme Court because it does not propound and allege in distinct ar-

ticles the various allegations of fact upon which the libellant relies in support of his action, so that the respondent may be enabled to answer distinctly and separately the several matters contained in each article. Rule 22 states, inter alia:

" * * * The libel shall also propound and allege in distinct articles the various allegations of fact upon which the libellant relies in support of his suit, so that the respondent or claimant may be enabled to answer distinctly and separately the several matters contained in each article; * * *."

The words of the Rule are succinct and meaningful.

The libellant will also be ordered to conform to the mandate of Rule 22.

### ORDER

And now, to wit, this 6th day of April 1965, for the reasons set forth in the foregoing opinion, it is directed that the within Admiralty case No. 65–002 be consolidated for trial and further proceedings with Civil Action No. 65–015. As to the second series of exceptions which are sustained, the libellant is directed to amend his libel and complaint to conform with Admiralty Rule 22.