UNITED STATES of America, Plaintiff,

v.

The LIMA NEWS, Freedom Newspapers, Inc., Raymond C. Hoiles, Clarence H. Hoiles and E. Roy Smith, Defendants.

Civ. No. C 64-178.

United States District Court
N. D. Ohio, W. D.

Aug. 23, 1965.

John G. Mattimoe, Asst. U. S. Dist. Atty., Toledo, Ohio, for plaintiff.

Max L. Gillam, Latham & Watkins, H. Hal Visick, Los Angeles, Cal., Thomas L. Dalrymple, William W. Sadd, Fuller, Seney, Henry & Hodge, Toledo, Ohio, for defendants.

DON J. YOUNG, District Judge.

The United States brings this action charging defendant with violations of Sections 1 and 2 of the Sherman Act and Section 7 of the Clayton Act. Relief of an equitable nature is sought. Plaintiff seeks an order requiring:

(1) divestiture of defendants' interests in the Lima News;

(2) enjoining defendants from acquiring any interest in the Lima News;

(3) voiding various covenants not to compete and enjoining the enforcement of such covenants; and

(4) injunction against future similar conduct.

Defendants demand trial by jury. The United States has moved to dismiss this demand.

In the defendants' brief opposing the motion a request is made for oral argument, with sufficient advance notice to allow time for counsel to come from California. The Court has given serious consideration to this request, but is not convinced that oral argument would afford sufficient additional assistance to outweigh the inconveniences of assembling counsel from such distant points. The briefs submitted appear to cover the matter very fully. The request for oral argument is therefore denied.

The parties agree that the applicable statutes do not create a right to jury trial in government civil antitrust suits. It is also agreed that the federal rules of civil procedure grant no such right, but merely preserve the Seventh Amendment rights of the parties.

Defendants bottom their demand on the Seventh Amendment. It is asserted that the American antitrust laws are rooted in the English monopoly cases and that those cases arose in the English law courts, and not in equity. Thus, it is argued that actions under such statutes are protected by the Seventh Amendment, regardless of the nature of the remedy sought. No American court appears to have accepted this theory.

Surprisingly, there is very little direct authority to the contrary. As stated in defendants' brief:

"For seventy-five years nobody has bothered to press the issue." (Defendants' Brief Opposing Motion to Deny Jury Trial, p. 10.)

Professor Moore flatly declares:

"The statute states that such an action is 'in equity'; and there is no right of

jury trial." (5 Moore, Federal Practice, par. 38.37(2) (2d Ed. 1964).

However, the sole case cited in support of this statement is inapposite.

■ The lack of discussion in cases and other authorities regarding this issue is easily explained. The anti-trust statutes allow the government only equitable relief in civil actions. The Attorney General may only "institute proceedings in equity" in a civil antitrust action. 15 U.S.C. § 4 (1958) (Sherman Act) and 15 U.S.C. § 25 (1958) (Clayton Act). Thus, the matters before the court in a government civil antitrust case are of purely equitable cognizance and not reached by the Seventh Amendment.

■ In recent years the United States Supreme Court has shown great concern in protecting the fundamental right to trial by jury. Dairy Queen v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed. 2d 988 (1959). In the particular area of admiralty, the Court has enlarged upon that right; Fitzgerald v. United States Lines, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963). But this concern on the part of the Court cannot be interpreted to wipe out the historical distinction between legal and equitable actions. Since the action before this court is equitable in nature, it should be tried to the Court without the intervention of a jury.

The Court is not overlooking the fact that even in equity cases it is theoretically possible to impanel a jury to resolve purely factual questions. However, this matter does not seem to present problems of the type in which juries might be expected to reach sounder conclusions than judges. On the contrary, the procedural rigidities which are necessary in submitting matters to juries could add tremendously to difficulties of hearing the matter.

The motion of the plaintiff to deny the defendants' demand for a jury trial, and to place the case upon the nonjury calendar will be sustained, with exceptions to the defendants. An order may be drawn accordingly.