**UNITED STATES of America**

**v.**

**MRS. SMITH'S PIE COMPANY.**

**Civ. A. No. 74-419.**

United States District Court,
E. D. Pennsylvania.

June 21, 1974.

John J. Hughes, Dept. of Justice, Philadelphia, Pa., for United States.

Harold E. Kohn, Aaron M. Fine, Philadelphia, Arnall, Golden & Gregory, Atlanta, Ga., for defendant.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

The present action is a suit by the United States under the Clayton Act, 15 U.S.C. § 25. The government seeks a finding that the defendant's acquisition of certain companies violated the Act and an injunction divesting defendant of the companies in question. Defendant has demanded a jury trial which the government moves to strike. We conclude that the Seventh Amendment does not require a jury trial in this case.

It is undisputed that the only relief the government is seeking is an injunction; in fact, under the terms of § 25, this is the only form of relief which the government can seek. Nevertheless, defendant claims that since divestiture of the acquired companies is sought, trial must be had by jury. Defendant bases this proposition primarily on two recent Supreme Court cases, Pernell v. Southall Realty, 416 U.S. 363, 94 S.Ct. 1723, 40 L.Ed.2d 198 (1974), and Curtis v. Loether, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed. 2d 260 (1974). The *Curtis* case, defendant maintains, establishes that statutory suits as well as suits at common law are encompassed by the Seventh Amendment, so that the Clayton Act is included within the Amendment's purview even though no analogous action existed at common law. Second, defendant contends that *Pernell* establishes that defendant would have been able to defend its right to own and possess property (in this case, the acquired companies) before a jury at common law.

We believe that defendant has given these two cases an over-broad reading. *Curtis* merely confirmed that the Seventh Amendment extended to legal (as opposed to equitable) rights created by modern statutes, and in speaking of the decision's probable effect on housing discrimination suits (Title VIII) stated:

"Jury trials may delay to some extent the disposition of Title VIII damage actions. *But Title VIII actions seeking only equitable relief will be unaffected*, and preliminary injunctive relief remains available without a jury trial even in damage actions. . . ." 415 U.S. at 198, 94 S.Ct. at 1010, 39 L.Ed.2d at 268. (emphasis added)

*Pernell* merely concludes that the right to possess real property was tried to a jury at common law. These two cases do not alter the holding of United States v. Lima News, 244 F.Supp. 592 (N.D. Ohio 1965) that no jury trial is required here.