**LAZAROWITZ v. AMERICAN EXPORT LINES, Inc.**

**No. 81 of 1948.**

United States District Court
E. D. Pennsylvania.

June 27, 1949.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Shaw, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

This suit in admiralty for cure and maintenance is on all fours with McCarthy v. American Eastern Corp., 3 Cir., 175 F.2d 724, 729, except in one particular In the McCarthy case, a special finding by the jury eliminated all question of contributory negligence. In this case that issue was submitted to the jury * with instructions that if they found for the libellant and also found him guilty of contributory negligence they should reduce the amount of the verdict proportionately, and there was a general verdict for the libellant in the amount of $5,000 without any special findings. The libellant had proved the value of his board and lodging as bearing upon the amount of earnings actually lost by him up to the time of the trial and it must be assumed that a sum representing this item was included in the verdict. The problem presented by this case arises from the fact that, for all that appears, the jury may have found contributory negligence and made an over-all reduction of the damages as a result. Say they reduced the damages

1. The jury trial referred to was a suit under the Jones Act, 46 U.S.C.A. § 688,

brought by this seaman against the same defendant.

by 50 per cent. That could mean that the board and lodging element of the verdict was also reduced by 50 per cent. Consequently, it is possible, though of course not certain, that the seaman in the present case has not "recovered the value of the maintenance which he is claiming", McCarthy opinion. If there were any way of knowing what fraction of it he did recover he could be awarded the balance in this suit and an absolutely fair result arrived at, because contributory negligence does not affect the right to cure and maintenance. The trouble is that no one can possibly say how much the jury reduced the damages by reason of contributory negligence or whether they reduced them at all. This states the problem.

In such case, what is the fair, reasonable and just rule to apply?

If we now allow him full cure and maintenance on the theory that the respondent could have avoided all possibility of duplicating any part of the libellant's compensation by not raising the question of contributory negligence and not having done so must take the consequence, the result would be that a libellant, by claiming board and lodging as part of his loss of past earnings and future earning power, could make the defense of contributory negligence always a risky one and, in a case where the cure and maintenance runs to large figures, it might be so dangerous to raise the question that the respondent would be compelled to forego it.

 The alternative view results in putting the libellant to an election. If he insists on having the jury consider the value of board and lodging as part of his lost earnings or as bearing on loss of earning power, he runs the risk of having it reduced by the factor of contributory negligence—a factor which would not affect it if it was claimed in the form of cure and maintenance. If he wishes to preserve his right to cure and maintenance intact and undiminished, he can do so by refraining from asking that the jury consider board and lodging in his damage suit.

I believe that the latter rule is the better one and I adopt it. It puts the libellant in

a dilemma, of course, but not nearly as serious a one as that in which the respondent would be placed by the former. Keeping the item of board and lodging from the jury's consideration in the damage suit may, of course, affect the amount of the damages but, as a practical matter, in view of the fact that the libellant is sure to get his cure and maintenance in full, it will not likely result in very much of a net loss.

Actually, the first of the two alternatives mentioned above would put a libellant guilty of contributory negligence in a better position than one who is not. Assuming two such cases have been tried on the law side and each resulted in a verdict for the libellant, when it came to the Admiralty suits for cure and maintenance the result would be that the libellant found not guilty of contributory negligence would get nothing, McCarthy case, while the one who had been found negligent would get his cure and maintenance in full.

A decree may be entered for the respondent.