FITZGERALD, PUBLIC ADMINISTRATOR, *v.*
UNITED STATES LINES CO.

No. 463.   Argued April 18, 1963.—Decided June 10, 1963.

*Theodore H. Friedman* argued the cause for petitioner. With him on the briefs was *Jacob Rassner.*

*Matthew L. Danahar* argued the cause for respondent. With him on the brief was *Charles N. Fiddler.*

MR. JUSTICE BLACK delivered the opinion of the Court.

Andres San Martin, a seaman, brought this action in the District Court for the Southern District of New York against the respondent United States Lines Company.

His complaint alleged that he had twisted and strained his back while working for respondent on its ship. He claimed $75,000 damages based on the negligence of respondent and on the unseaworthiness of the ship and $10,000 based on respondent's failure to provide him with medical attention, maintenance and cure, and wages as required by law.[1] Martin's negligence claim invoked a remedy created by Congress in § 33 of the Jones Act, 46 U. S. C. § 688, which explicitly provides that a seaman can have a jury trial as of right; but the actions for unseaworthiness and for maintenance and cure are traditional admiralty remedies which in the absence of a statute do not ordinarily require trial by jury. The complainant here did demand a jury, however, for all the issues growing out of the single accident. The trial judge granted a jury trial for the Jones Act and the unseaworthiness issues but held the question of recovery under maintenance and cure in abeyance to try himself after jury trial of the other two issues. The jury returned a verdict for United States Lines on the negligence and unseaworthiness issues; the court then, after hearing testimony in addition to that presented to the jury, awarded Martin $224 for maintenance and cure. Sitting *en banc,* the Court of Appeals for the Second Circuit affirmed, four judges stating that it would be improper to submit a maintenance and cure claim to the jury, two believing it to be permissible but not required, and three maintaining that a seaman is entitled, as of right, to a jury trial of a maintenance and cure claim joined with a Jones Act claim. 306 F. 2d 461. The lower courts are at odds on this issue.[2] We granted certiorari to decide it.[3] 371 U. S. 932.

---

[1] Martin died while his appeal was pending and a public administrator was substituted for him.

[2] See notes 4 and 5, *infra.*

[3] Because of our limited grant of certiorari, we do not consider petitioner's argument that the complaint and trial record show diver-

18

For years it has been a common, although not uniform,[4] practice of District Courts to grant jury trials to plaintiffs who join in one complaint their Jones Act, unseaworthiness, and maintenance and cure claims when all the claims, as here, grow out of a single transaction or accident.[5] This practice of requiring issues arising out of a single accident to be tried by a single tribunal is by no means surprising. Although remedies for negligence, unseaworthiness, and maintenance and cure have different origins and may on occasion call for application of slightly different principles and procedures, they nevertheless, when based on one unitary set of circumstances, serve the same purpose of indemnifying a seaman for damages caused by injury, depend in large part upon the same evidence, and involve some identical elements of recovery. Requiring a sea-

sity of citizenship jurisdiction and that therefore plaintiff was entitled to a jury trial. See *Atlantic & Gulf Stevedores, Inc.,* v. *Ellerman Lines,* 369 U. S. 355, 360 (1962). Nor do we find it necessary to reach petitioner's argument that we should reconsider that part of the holding of *Romero* v. *International Terminal Operating Co.,* 358 U. S. 354 (1959), which concluded that claims based upon general maritime law cannot be brought in federal courts under the federal question jurisdiction of 28 U. S. C. § 1331.

[4] See, *e. g., Jesonis* v. *Oliver J. Olson & Co.,* 238 F. 2d 307 (C. A. 9th Cir. 1956); *Stendze* v. *The Boat Neptune, Inc.,* 135 F. Supp. 801 (D. C. Mass. 1955); cf. *Jordine* v. *Walling,* 185 F. 2d 662 (C. A. 3d Cir. 1950).

[5] See, *e. g., Nolan* v. *General Seafoods Corp.,* 112 F. 2d 515 (C. A. 1st Cir. 1940); *Lykes Bros. S. S. Co.* v. *Grubaugh,* 128 F. 2d 387, modified on rehearing, 130 F. 2d 25 (C. A. 5th Cir. 1942); *Bay State Dredging & Contracting Co.* v. *Porter,* 153 F. 2d 827 (C. A. 1st Cir. 1946); *Gonzales* v. *United Fruit Co.,* 193 F. 2d 479 (C. A. 2d Cir. 1951); *Rosenquist* v. *Isthmian S. S. Co.,* 205 F. 2d 486 (C. A. 2d Cir. 1953); *Mitchell* v. *Trawler Racer, Inc.,* 265 F. 2d 426 (C. A. 1st Cir. 1959), rev'd on other grounds, 362 U. S. 539 (1960); *McDonald* v. *Cape Cod Trawling Corp.,* 71 F. Supp. 888, 891 (D. C. Mass. 1947); Gilmore and Black, The Law of Admiralty (1957), 262

man to split up his lawsuit, submitting part of it to a jury and part to a judge, unduly complicates and confuses a trial, creates difficulties in applying doctrines of *res judicata* and collateral estoppel, and can easily result in too much or too little recovery.[6] The problems are particularly acute in determining the amount of damages. For example, all lost earnings and medical expenses are recoverable on a negligence count, but under the Jones Act they are subject to reduction by the jury if the seaman has been contributorily negligent. These same items are recoverable in part on the maintenance and cure count, but the damages are measured by different standards[7] and are not subject to reduction for any contributory negligence. It is extremely difficult for a judge in trying a maintenance and cure claim to ascertain, even with the use of special interrogatories, exactly what went into the damages awarded by a jury—how loss of earning power was calculated, how much was allowed for medical expenses and pain and suffering, how much was allowed for actual lost wages, and how much, if any, each of the recoveries was reduced by contributory negligence. This raises needless problems of who has the burden of proving

---

[6] For an illuminating discussion of the practical problems, see *Jenkins* v. *Roderick,* 156 F. Supp. 299, 304–306 (D. C. Mass. 1957) (Wyzanski, J.).

This Court has held that recovery of maintenance and cure does not bar a subsequent action under the Jones Act, *Pacific S. S. Co.* v. *Peterson,* 278 U. S. 130 (1928), but of course, where such closely related claims are submitted to different triers of fact, questions of *res judicata* and collateral estoppel necessarily arise, particularly in connection with efforts to avoid duplication of damages.

[7] Maintenance and cure allows recovery for wages only to the end of the voyage on which a seaman is injured or becomes ill. *The Osceola,* 189 U. S. 158, 175 (1903). Medical expenses need not be provided beyond the point at which a seaman becomes incurable. *Farrell* v. *United States,* 336 U. S. 511 (1949).

exactly what the jury did.[8]  And even if the judge can find out what elements of damage the jury's verdict actually represented, he must still try to solve the puzzling problem of the bearing the jury's verdict should have on recovery under the different standards of the maintenance and cure claim.  In the absence of some statutory or constitutional obstacle, an end should be put to such an unfortunate, outdated, and wasteful manner of trying these cases.[9]  Fortunately, there is no such obstacle.

While this Court has held that the Seventh Amendment does not require jury trials in admiralty cases,[10] neither that Amendment nor any other provision of the Constitution forbids them.[11]  Nor does any statute of Congress or Rule of Procedure, Civil or Admiralty, forbid jury trials in maritime cases.  Article III of the Constitution vested in the federal courts jurisdiction over admiralty and maritime cases, and, since that time the Congress has largely left to this Court the responsibility for fashioning the controlling rules of admiralty law.  This Court has long recognized its power and responsibility in this area and has exercised that power where necessary to

---

[8] See, e. g., *Bartholomew* v. *Universe Tankships, Inc.*, 279 F. 2d 911, 915–916 (C. A. 2d Cir. 1960); *Stendze* v. *The Boat Neptune, Inc.*, 135 F. Supp. 801 (D. C. Mass. 1955).  For another example of some of the difficulties involved in separate trials, compare *Claudio* v. *Sinclair Ref. Co.*, 160 F. Supp. 3 (D. C. E. D. N. Y. 1958), with *Lazarowitz* v. *American Export Lines*, 87 F. Supp. 197 (D. C. E. D. Pa. 1949).

[9] See generally Currie, The Silver Oar and All That: A Study of the Romero Case, 27 U. of Chi. L. Rev. 1 (1959); Kurland, The Romero Case and Some Problems of Federal Jurisdiction, 73 Harv. L. Rev. 817, 850 (1960); Note, 73 Harv. L. Rev. 138 (1959).

[10] *Waring* v. *Clarke*, 5 How. 441, 460 (1847).

[11] *The Genesee Chief* v. *Fitzhugh*, 12 How. 443, 459–460 (Dec. Term, 1851) (upholding constitutionality of jury trial provision in Great Lakes Act).

do so.[12]  Where, as here, a particular mode of trial being used by many judges is so cumbersome, confusing, and time consuming that it places completely unnecessary obstacles in the paths of litigants seeking justice in our courts, we should not and do not hesitate to take action to correct the situation.  Only one trier of fact should be used for the trial of what is essentially one lawsuit to settle one claim split conceptually into separate parts because of historical developments.  And since Congress in the Jones Act has declared that the negligence part of the claim shall be tried by a jury, we would not be free, even if we wished, to require submission of all the claims to the judge alone.  Therefore, the jury, a time-honored institution in our jurisprudence, is the only tribunal competent under the present congressional enactments to try all the claims.  Accordingly, we hold that a maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts. The seaman in this case was therefore entitled to a jury trial as of right on his maintenance and cure claim.

Judgment against the seaman on the Jones Act claim was affirmed by the Court of Appeals, and we declined to review it on certiorari.  The shipowner points out that on remand the maintenance and cure claim would no longer be joined with a Jones Act claim and therefore, he argues, could be tried by a judge without a jury.  We cannot agree.  Our holding is that it was error to deprive

---

[12] See, e. g., The John G. Stevens, 170 U. S. 113 (1898); Swift & Co. Packers v. Compania Colombiana Del Caribe, S. A., 339 U. S. 684, 690, 691 (1950); Warren v. United States, 340 U. S. 523, 527 (1951); Wilburn Boat Co. v. Fireman's Fund Ins. Co., 348 U. S. 310, 314 (1955); Romero v. International Terminal Operating Co., 358 U. S. 354, 360–361 (1959); The Tungus v. Skovgaard, 358 U. S. 588, 597, 611 (1959) (opinion of BRENNAN, J., concurring in part and dissenting in part); Mitchell v. Trawler Racer, Inc., 362 U. S. 539 (1960).

the seaman of the jury trial he demanded, and he is entitled to relief from this error by having the kind of trial he would have had in the absence of error.

*Reversed.*

MR. JUSTICE HARLAN, dissenting.

I am wholly in sympathy with the result reached by the Court. It is, I believe, a result that is consistent with sound judicial administration and that will greatly simplify the conduct of suits in which a claim for maintenance and cure is joined with a Jones Act claim arising out of the same set of facts.

But the rule that the Court announces is in my view entirely procedural in character, and the manner in which such rules must be promulgated has been specified by Congress in 28 U. S. C. § 2073. This statute provides that rules of procedure in admiralty

> "shall not take effect until they have been reported to Congress by the Chief Justice at or after the beginning of a regular session thereof . . . and until the expiration of ninety days after they have been thus reported."

Believing that we are governed by this provision, and that the method there prescribed for the declaration of procedural rules, which are to be applicable in all Federal District Courts, is exclusive, I am unable to subscribe to the opinion of the Court.\* I think the appropriate way to achieve what in this instance is obviously a desirable procedural reform is to deal with the matter through the Judicial Conference of the United States. Cf. *Miner* v. *Atlass,* 363 U. S. 641. Meanwhile, substantially for the reasons given in Judge Friendly's opinion, I consider that the judgment below must be affirmed.

---

\*The course taken by the Court is not, in my view, supported by any of the cases cited in note 12 of the Court's opinion. None of them involved a *procedural* rule.