Eva Lee LEWIS, Plaintiff-Appellant,

v.

FEDERAL BARGE LINES, INC., a Corporation, Defendant-Appellee.

No. 14600.

United States Court of Appeals
Seventh Circuit.

Feb. 24, 1965.

---

1. It is apparent that the Court intended to use the word "jurisdiction" instead of "prosecution."

Arthur H. Schwab, Chicago, Ill., Harry Alan Sherman, Pittsburgh, Pa., S. Eldridge Sampliner, Cleveland, Ohio, for appellant.

Francis B. Libbe, Chicago, Ill., David Jacker, John M. O'Connor, Jr., of Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for appellee.

Before DUFFY and SWYGERT, Circuit Judges, and GRANT, District Judge.

DUFFY, Circuit Judge.

This suit is for damages based on 1) unseaworthiness of defendant's motor vessel; 2) for negligence under the Jones Act, and 3) for maintenance and cure. The District Court submitted to the jury plaintiff's claims as to unseaworthiness of the vessel, and her claim under the Jones Act. However, the Court declined to submit the issue of maintenance and cure to the jury. The District Court entered findings of fact and conclusions of law holding that the plaintiff was not entitled to additional maintenance and cure.

The issues on 1 and 2 were submitted to the jury on a special verdict, and the District Court entered judgment for defendant thereon.

Plaintiff was employed as a "mess-girl" upon defendant's motor vessel, Harry S. Truman, which was in navigation at the time of the occurrence. Plaintiff had been assigned sleeping quarters aboard the vessel. Among plaintiff's duties was the duty of washing dishes.

Two kinds of water were used on the vessel,—the drinking water which was brought aboard the vessel in containers, and the bathing and dishwashing water which was drawn from the river by a water system installed in the hold of the vessel.

The voyage in question was from St. Louis to Chicago and on September 2, 1957, the vessel was in the Illinois waterway.

Plaintiff claims that while sleeping in her bunk, there occurred what seemed to be a "big explosion" which rocked the boat. Later, members of the crew claimed the jolt was caused by a collision with a bridge. The next day, plaintiff claims she noticed the water she was using failed to clean the dishes, necessitating the use of the drinking water for that purpose.

Plaintiff further claims that on September 2, 1957, she took a shower and washed her hair in a wash basin; that she got water in her left ear which she had difficulty in shaking out. That two or three hours later, her ear began burning and itching, and there was drainage from the ear. Upon asking for help from the captain, she was given some ear drops by means of a medicine dropper.

Shortly thereafter she had a high temperature and she then asked the captain for relief from duty. The captain refused to relieve plaintiff from duty saying he could not find a substitute for her. He told plaintiff he would relieve her when the boat returned to St. Louis.

Plaintiff claims that thereafter she experienced pain which prevented her from sleeping. It is without dispute that no medical help was furnished to her aboard the vessel except the eardrops hereinbefore described.

Sixteen days after the occurrence, when the vessel reached St. Louis, plaintiff was given a Master's Certificate for admission to the United States Public Health Service Hospital in that city.

■ It was error for the trial court to decline to submit the issue of maintenance and cure to the jury. In Fitzgerald v. United States Lines Co., 374 U.S. 16, 21, 83 S.Ct. 1646, 10 L.Ed.2d 720, the Supreme Court stated " * * * Accordingly, we hold that a maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts." The Court further held specifically that the seaman was entitled to a jury trial as of right on his maintenance and cure claim.

The issues in the instant case other than maintenance and cure were submitted to the jury on December 10, 1962. The date of the Fitzgerald decision by the United States Supreme Court was June 10, 1963. The "Memorandum, Findings of Fact, Conclusions of Law and Judgment" were signed by the District Court on August 1, 1963.

Counsel for plaintiff claims he was misled and confused by the manner in which the issues of the case were submitted to the jury. The judge had indicated that he was going to submit two special interrogatories "leading to a general verdict." Plaintiff's counsel says that he understood the claims based on unseaworthiness and the claims of negligence under the Jones Act would be submitted to the jury under Rule 49(b), Federal Rules of Civil Procedure. Under this Rule, these issues would have been submitted upon a general verdict with the interrogatories attached. Plaintiff's counsel says he planned his arguments to the jury accordingly, and that it was only after the charge to the jury was completed that he realized a general verdict was not to be submitted.

Defendant urges that if plaintiff is entitled to a jury trial on her maintenance and cure claim, the claim for maintenance and cure only should be returned to the District Court for a trial by jury. Defendant cites Franks v. United States Lines Co., 2 Cir., 324 F.2d 126.

■ Normally, plaintiff's claims of unseaworthiness of the vessel, for negligence under the Jones Act and for maintenance and cure would all be submitted to the same jury. Under the circumstances of this case, including the claims of plaintiff's counsel that he was misled as to the form of the verdict to be submitted, we think justice requires that the issues as above indicated should all be submitted to the same jury.

Reversed and remanded with instructions that the issues as to unseaworthiness of the vessel, negligence under the Jones Act and for maintenance and cure, be submitted to a jury.

Reversed and remanded.