John C. GYORFI, Plaintiff,

v.

PARTREDERIET ATOMENA et al., Defendants and Third-Party Plaintiffs,

v.

The CLEVELAND STEVEDORE COMPANY, Third-Party Defendant.

No. C70–271.

United States District Court, N. D. Ohio, E. D.

Jan. 31, 1973.

James B. Davis, McDonald, Hopkins & Hardy Co., L.P.P., Cleveland, Ohio, for plaintiff.

William D. Carle, McCreary, Ray & Robinson, for Partrederiet Atomena and others, defendants and third-party plaintiffs.

Richard C. Binzley, Johnson, Branand & Jaeger, Cleveland, Ohio, for Cleveland Stevedore Co., third-party defendant.

## MEMORANDUM and ORDER

BEN C. GREEN, District Judge:

Plaintiff, an employee of the Cleveland Stevedore Company, brought suit against defendants, Partrederiet Atomena and Molena Trust, Inc., the owner and charterer of a vessel known as the M/V Atomena, seeking to recover for injuries he received while engaged in unloading the vessel. The complaint alleges that the accident in which plaintiff was injured was:

> . . . proximately caused by the carelessness of the defendants and their agents, by the failure of the defendants to keep the vessel in seaworthy condition; by the defendants' failure to take necessary precautions for the plaintiff's safety; by the defendants' failure to furnish the plaintiff with a safe place to work; and by the defendants' failure to supply the plaintiff with a safe and seaworthy means to perform his work.

The complaint is lacking a formal jurisdictional allegation. However, the plaintiff does plead facts which would be sufficient to support both general civil jurisdiction under diversity of citizenship and admiralty jurisdiction. Trial by jury was requested.

The defendants answered to the complaint, alleging, in part, that the plaintiff's injuries:

> . . . were caused solely by the breach of contract and/or warranty of the Cleveland Stevedore Company, his employer, and/or its agents, servants and employees, . . .

The defendants also filed a third-party complaint against the Cleveland Stevedore, seeking recovery for all sums that might be adjudged against them in favor of the plaintiff. The third-party complaint, in essence, alleged that Cleveland Stevedore had full control over the unloading of the vessel, that any fault connected therewith was that of Cleveland Stevedore, and that:

> . . . the third-party defendant, by undertaking the discharge of cargo aboard the M/V Atomena, warranted to the defendants and third-party plaintiffs that it would perform each part of said work in a safe, proper, customary and workmanlike manner, and implied in said undertaking was an agreement or warranty on the part of third-party defendant to indemnify the defendants and third-party plaintiffs for any and all damages resulting from the fault or lack of skill on the part of the third-party defendant in the performance of said work.

The third-party complaint was designated as "a cause of admiralty and maritime jurisdiction within the meaning of

Rule 9(h) of the Federal Rules of Civil Procedure."

The question before the Court is whether the third-party defendant may be granted a jury trial on the third-party complaint. The third-party plaintiffs oppose the third-party defendant's motion seeking a jury trial, contending that under Rules 38(e) and 9(h) of the Federal Rules of Civil Procedure a jury trial may not be had on the admiralty claim alleged in the third-party complaint.

■ There can be no substantial argument that the consolidation of the admiralty and civil rules was not intended to work changes in the substantive law. The Advisory Committee's Note to Rule 9(h) makes that particularly clear regarding jury trials. The Note, in pertinent part, reads:

> Certain distinctive features of the admiralty practice must be preserved for what are now suits in admiralty . . One of the important procedural consequences is that in the civil action either party may demand a jury trial, while in the suit in admiralty there is no right to jury trial except as provided by statute. It is no part of the purpose of unification to inject a right to jury trial into those admiralty cases in which that right is not provided by statute. . . .

■ However, the fact that there is no jury trial in admiralty *as a matter of right* does not mean that it is impermissible for a jury to hear and determine issues denominated as arising under the court's admiralty jurisdiction. In Fitzgerald v. United States Lines, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963), the Supreme Court stated:

> While this Court has held that the Seventh Amendment does not require jury trials in admiralty cases, *neither that Amendment nor any other provision of the Constitution forbids them. Nor does any statute of Congress or Rule of Procedure, Civil or Admiralty, forbid jury trials in maritime cases.* Article III of the Constitution vested in the federal courts jurisdiction over admiralty and maritime cases, and, since that time, the Congress has largely left to this Court the responsibility for fashioning the controlling rules of admiralty law. This Court has long recognized its power and responsibility in this area and has exercised that power where necessary to do so. Where, as here, a particular mode of trial being used by many judges is so cumbersome, confusing, and time consuming that it places completely unnecessary obstacles in the paths of litigants seeking justice in our courts, we should not and do not hesitate to take action to correct the situation. *Only one trier of fact should be used for the trial of what is essentially one lawsuit to settle one claim split conceptually into separate parts because of historical developments*

. . . . . .

*id.*, pp. 20–21, 83 S.Ct., p. 1650 (emphasis added).

This language makes clear that while it is often said that there may not be a jury trial in admiralty, the accurate statement of law is that there is no *constitutional right* to a jury trial in admiralty and that customarily admiralty actions are tried to the court. This practice of conducting admiralty trials as non-jury proceedings has a historical basis in the theory that maritime questions were so complex and specialized as to call for determination by a judge presumed to possess particular expertise in the field. That concept would find its precedent in the fact that from very early times there were special tribunals in the port cities in the commercial world that adjudicated disputes between merchants and between merchants and ship owners applying merchant and maritime customs. 2 Benedict on Admiralty (6th Ed.) § 224; 5 Moore's Federal Practice (2d Ed.) ¶ 38.-35 [2].

The Supreme Court has, in fact, found error in the failure of a trial court to submit to a jury a claim such as that asserted in the instant third-party complaint, Weyerhaeuser S. S. Co. v. Nacirema Co., 355 U.S. 563, 78 S.Ct. 438, 2 L.Ed.2d 491 (1958). In that action a stevedore had brought suit against the shipping company for injuries sustained in the unloading of a vessel. The ship owner filed a third-party complaint against the stevedoring company, seeking indemnity under the doctrine of Ryan Stevedoring Co. v. Pan-Atlantic S. S. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956). The basis of the ship owner's claim therein was markedly similar to that advanced in the third-party complaint herein. The case was tried to a jury. The trial judge first submitted the stevedore's case, with a statement that he was reserving submission of the cross-action until reception of the first verdict. The jury returned a verdict in favor of the plaintiff on his negligence cause of action and in favor of the ship owner on a cause of action predicated on unseaworthiness. Thereupon, the trial court directed a verdict in favor of the third-party defendant in the claim for indemnity. Connolly v. Weyerhaeuser S. S. Co., 236 F.2d 848, 849 (C.A. 2, 1956). Upon review, the Supreme Court held that on the facts of the case:

. . . all fact issues involved in the third-party action should have been submitted to the jury after the verdict in the main case. 355 U.S. 563, 568, 78 S.Ct. 438, 441, 2 L.Ed.2d 491.

It appears that in *Weyerhaeuser* the propriety of jury trial was accepted by the Supreme Court without specifically addressing itself to the question of whether the third-party claim for indemnity based upon breach of implied warranty was technically an admiralty claim.[1] However, in discussing the potential liability of the third-party defendant, the Supreme Court cited the decision in Crawford v. Pope & Talbott, Inc., 206 F.2d 784 (C.A. 3, 1953), which was an admiralty action on the part of a vessel operator seeking indemnity from the employer of injured parties who had recovered damages against the vessel operator. In American Stevedores v. Porello, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011 (1947) the Supreme Court had held that a claim to enforce a written indemnity agreement between a ship owner and stevedore was maritime in nature.

In the Court's opinion, the holding of the *Weyerhaeuser* decision undercuts the third-party plaintiffs' contention that a jury trial may not be had on the third-party complaint. *See also*, Grace Lines, Inc. v. Port Everglades Terminal Co., 324 F.2d 699 (C.A. 5, 1963); Close v. Calmar S. S. Corp., 44 F.R.D. 398 (E.D.Pa., 1968), aff'd Blake v. Farrell Lines, Inc., 417 F.2d 264 (C.A. 3, 1969).[2]

This Court is in agreement with the observations in Close v. Calmar S. S. Corp., supra, 44 F.R.D. at page 405–406, that the third-party claim asserted herein, while technically of a maritime nature, is not the type of maritime dispute which is beyond the understanding of an ordinary jury. The Court further agrees with the *Close* ruling in the determination that a single trial of all issues herein is consistent with the philos-

---

1. The liability to which the third-party defendant was exposed in *Weyerhaeuser* was that enunciated in Ryan Stevedoring Co. v. Pan-Atlantic S. S. Corp., supra. In that decision the Supreme Court did not pass upon the apparent controversy as to whether the indemnity claim based upon breach of implied warranty was or was not maritime in nature. *See*, 100 L.Ed. 135, summary of arguments.

2. The Court finds no substance to the third-party plaintiffs' argument that decisions prior to unification of the civil and admiralty practice are no longer relevant authority. As previously noted herein, the unified rules were not intended to change existing laws regarding jury trials.

ophy set forth by the Supreme Court in Fitzgerald v. United States Lines, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963), regarding the avoidance of cumbersome trial practices.

 In the Court's opinion, it is permissible and appropriate to have the same jury determine the issues on the plaintiff's complaint against the defendants and the defendants' claim against the third-party defendant. The third-party defendant's motion for jury trial will, therefore, be granted.

It is so ordered.