**Robert E. HOLLINGSWORTH**
v.
**MARITIME OVERSEAS CORPORATION.**
**Civ. A. No. 70-2474.**

United States District Court,
E. D. Pennsylvania.
Aug. 13, 1973.

---

Sidney J. Smolinsky, Pechner, Sacks, Dorfman, Rosen & Richardson, Philadelphia, Pa., for plaintiff.

John T. Biezup, Rawle & Henderson, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

This matter is presently before the Court on plaintiff's Petition to Tax Defendant with Counsel Fees for Obtaining Maintenance and Cure. On September 9, 1970 plaintiff, an American merchant seaman, commenced two actions against defendant shipowner, his former employer: one for maintenance and cure and the other for damages under the Jones Act and the General Maritime Law. Both suits were consolidated for trial and jointly submitted to the jury under the rationale of Fitzgerald v. United States Lines, 374 U.S. 16, 83 S. Ct. 1646, 10 L.Ed.2d 720 (1963). On February 9, 1973, a verdict was returned in favor of defendant and against plaintiff on the Jones Act and General Maritime Law claims; and in favor of plaintiff and as against defendant in the amount of $813.88 on the claim for maintenance and cure. The question now presented is whether plaintiff is entitled to counsel fees in connection with his being forced to retain counsel to pursue his claim for maintanance and cure.

▉ It is clear that a seaman is entitled to counsel fees whenever he must take legal action to recover maintenance and cure payments to which he is entitled where there was no good cause for the shipowner's failure to pay. Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962). Therein the Supreme Court held defendant liable to the plaintiff for legal fees after finding the shipowners to have been callous in their attitude toward the seaman's claim. The Court stated:

> As a result of that recalcitrance, libellant was forced to hire a lawyer and go to court to get what was plainly owed him under laws that are centuries old. The default was wilful and persistent. It is difficult to imagine a clearer case of damages suffered for failure to pay maintenance and cure than this one. 369 U.S. at 531, 82 S. Ct. at 999.

Specifically, the issue now before us is whether the shipowner was acting in bad faith in an arbitrary and capricious manner in denying maintenance and cure. Gulledge v. United States, 337 F. Supp. 1108 (E.D.Pa.1972) aff'd 474 F.2d 1340 (3rd Cir. February 20, 1973).[1]

▉ In the instant case, there is no evidence to support a finding that the withholding of maintenance and cure was the result of the shipowner's bad faith recalcitrance. On the contrary, there is evidence to support a finding that the shipowner based the withholding of maintenance and cure on an honest belief that plaintiff was guilty of gross misconduct and thus not entitled to maintenance and cure. Although the jury did not find gross misconduct, there was nevertheless sufficient evidence for the jury to have reasonably found by a preponderance of the evidence that plaintiff was guilty of gross misconduct. (Indeed, it was for this reason that the Court refused to grant plaintiff's motion for a directed verdict during the trial.)

---

1. Defendant has raised two procedural objections to plaintiff's motion: (1) that the motion is untimely, and (2) that the matter was properly a question for the jury. We need not reach a determination of these issues in view of the fact that the motion will be denied on the merits.

To allow recovery for counsel fees in this case we would have to conclude that "attorneys' fees have been made a routine element of damages to be paid any seaman who wins a contested maintenance and cure suit" and such is not the law, Jordon v. Norfolk Dredging Company, 223 F.Supp. 79, 83 (E.D.Va.1963).

There is nothing in this record to support an award of counsel fees.