Thaddeus JONES, Plaintiff,

v.

METROPOLITAN HOSPITAL AND HEALTH CENTERS, a Michigan Non-Profit Corporation, Defendant.

Civ. A. No. 78–72216.

United States District Court, E. D. Michigan, S. D.

Dec. 4, 1980.

Glotta, Adelman, Dinges, Davis & Riley, P. C. by Robert J. Dinges, Detroit, Mich., for plaintiff.

Gregory, Van Lopik, Korney & Moore by James M. Moore, Detroit, Mich., for defendant.

## OPINION

GILMORE, District Judge.

Plaintiff Thaddeus Jones filed the present action against defendant Metropolitan Hospital and Health Centers alleging unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e–3 to 2000e–5(f), 42 U.S.C. § 1981, and 42 U.S.C. § 1983. Plaintiff's § 1983 claim has apparently been abandoned because no state action is involved.

Plaintiff's amended complaint filed on January 22, 1979, contained no prayer for relief. However, in his answer to defendant's first set of interrogatories, plaintiff stated that he seeks "monetary damages, reinstatement, and punitive damages ... plus loss of earnings (past and future)," as well as compensatory damages.

Plaintiff filed a demand for jury trial on November 3, 1978.

Presently before the Court are defendant's motions to strike jury demand and to limit plaintiff's remedies to the equitable remedies of back pay and reinstatement. Having considered the oral argument and written briefs of the parties, this Court concludes that defendant's motions should be denied.

Defendant first argues that injuries of the nature sought by plaintiff are not compensable under the above–cited statutes, and that plaintiff's prayer for compensatory and punitive damages must be stricken. It relies on *EEOC v. Detroit Edison Company*, 515 F.2d 301 (CA6 1975), vacated and remanded on other grounds, 431 U.S. 951, 97 S.Ct. 2669, 53 L.Ed.2d 267 (1977).

In *EEOC v. Detroit Edison*, the Court first held that punitive damages are not recoverable in a pure Title VII Action. It said (pages 308 and 309):

"§ 706(g) (of Title VII) ... provides: '[T]he court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay ... or any other equitable relief as the court deems appropriate.'

"We know of no authority which holds that the awarding of punitive damages is equitable relief. The catch–all phrase 'other equitable relief as the court deems appropriate,' does not stand alone. It is limited, under the construction doctrine of ejusdem generis, to relief of the same kind as that specifically enumerated. While affirmative action may not be limited to the reinstatement or hiring of employees with or without back pay, we believe that it is limited to relief of the same general kind, that is equitable relief in the form of restitution.

"... In two recent district court cases, it has been held that punitive damages may not be allowed in Title VII actions ..."

The Court then addressed the precise issue which has been raised in the present case—whether damages of the type provided for in a Title VII claim can be expanded by joining a § 1981 claim. The Court said no.

"... We also agree with the reasoning in *Howard v. Lockheed–Georgia Company*, 372 F.Supp. 854 (N.D.Ga.1974) that a private plaintiff who sues under both Title VII and Section 1981 does not enlarge his rights to relief beyond that authorized by Title VII. Section 1981 contains no provision for relief by way of damages or otherwise. When it is joined with another statutory right of action such as Title VII which specifies broad equitable remedies for those who have been injured by violation thereof, there is no justification for enlarging those remedies to include legal relief by way of punitive damages on the basis of Section 1981." Id., at page 309.

It should be noted that *EEOC v. Detroit Edison* was decided on March 11, 1975, and amended May 16, 1975, by a panel after a

denial of rehearing en Banc. On May 19, 1975, three days after the release of *EEOC v. Detroit Edison*, as amended, the United States Supreme Court decided *Johnson v. Railway Express Agency Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). The basic issue in *Johnson* was a statute of limitations issue, but the Court stressed the independent nature of an action brought under the Civil Rights Acts of 1866 and 1871, and the possibility of remedies different from those available under Title VII. The Court observed that some district courts have denied compensatory and punitive damages in Title VII law suits, but noted that the remedies available to the individual under Title VII´ are coextensive with the individual's right to sue under Section 1981, and that the two procedures augment each other and are not mutually exclusive. The Court said (pages 459–460, 95 S.Ct. at 1719–1720):

"... Although this Court has not specifically so held, it is well settled among the Federal Courts of Appeals–and we now join them–that § 1981 affords a federal remedy against discrimination in private employment on the basis of race. An individual who establishes a cause of action under § 1981 is entitled to both equitable and legal relief, including compensatory and, under certain circumstances, punitive damages ...

"§ 1981 is not coextensive in its coverage with Title VII...."

As pointed out in Schlei and Grossman "Employment Discrimination Law," 1979 Supp. Chapter 21, page 143:

"In addition to declaratory and injunctive relief also available in Title VII actions, compensatory and punitive damages may be awarded, in appropriate circumstances, in actions brought under the Civil Rights Act of 1866 and 1871...."

The authors also point out that in *Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976), a § 1981 case, the Supreme Court affirmed an award of compensatory damages for embarrassment, humiliation and mental anguish, and that an award of punitive damages in another § 1981 case has been affirmed by the 8th Circuit, *Allen v. Amalgamated Transit Union Local 788*, 554 F.2d 876 (CA8 1977), cert. den., 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 176 (1977).

Moreover, the *Johnson* interpretation of § 1981 is consistent with the Court's construction of 42 U.S.C. § 1982, which similarly contains no relief provisions, but under which compensatory damages have been allowed. See *Sullivan v. Little Hunting Park Inc.*, 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969); *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968). See also *Seaton v. Sky Realty Co.*, 491 F.2d 634 (CA7 1974) where compensatory damages were awarded under § 1982.

It is apparent that the 6th Circuit did not have the benefit of *Johnson* at the time it decided *EEOC v. Detroit Edison Company*. The 6th Circuit holding that § 1981 contains no provision for relief by way of damages, and that when it is joined with a Title VII claim there is no justification to include legal relief by way of punitive damages, is no longer valid in light of the holding in *Johnson*.

■ This Court, therefore, concludes that compensatory and punitive damages are recoverable under § 1981 even when a § 1981 claim is combined with a Title VII claim. This Court is by no means alone in this conclusion. See *Claiborne v. Illinois Central Railroad*, 583 F.2d 143 (CA5 1978), cert. den. 442 U.S. 934, 99 S.Ct. 2869, 61 L.Ed.2d 303 (1979); *Allen v. Amalgamated Transit Union Local 788*, supra.

■ Since plaintiff has asserted a claim for legal relief that may be allowed under § 1981, the suit is legal in nature, and there is a right to trial by jury on the § 1981 claim.

In determining whether the right to jury trial exists, the United States Supreme Court in *Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1969), looked to the nature of the issue to be tried rather than the character of the over–all action. The Court found that when an issue is essentially legal, as opposed to equitable in nature, the constitutional right to jury trial

is preserved. Here the § 1981 suit is clearly legal in nature.

On the other hand, the claim under Title VII is considered a form of restitution and not an award of damages. The 6th Circuit held in *EEOC v. Detroit Edison* that there is no right to a jury trial in Title VII cases because the relief is of an equitable nature. It said, (page 308):

"... Back pay in Title VII cases is considered a form of restitution, not an award of damages...."

The handling of the case at trial will be controlled by the rules set forth in *Beacon Theatres Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1958) and *Dairy Queen Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1961). In *Beacon Theatres*, the Court held that in a case involving legal and equitable claims and common questions of fact, the right to jury trial could not be defeated by prior determination of the equitable claim except in the most imperative circumstances. In *Dairy Queen*, the Court held that the legal claims must be determined first because the issues of fact were common. In that case the plaintiff had sought injunctive relief from defendant's continued trademark violations and an accounting to fix the amount of damages he had suffered. Defendant demanded a jury trial on the ground that insofar as the complaint requested a money judgment it was a legal claim. The Supreme Court agreed, saying, (pages 477, 479, 82 S.Ct. at 899, 900):

"As an action on a debt allegedly due under a contract, it would be difficult to conceive of an action of a more traditionally legal character ...

"Since these issues are common with those upon which respondents' claim for equitable relief is based, the legal claims involved in the action must be determined prior to any final court determination of respondents' equitable claims."

Another case to be considered on this issue is *Fitzgerald v. United States Lines*, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963). This was a suit seeking money damages under the Jones Act, and also for maintenance and cure. The remedy of maintenance and cure is of admiralty origin, and by itself would not have been tried by a jury. The Jones Act remedy was legal. The Court held that when the claims arise from a single set of facts, they must be submitted to a single trier of fact, and since the jury must hear the Jones Act claim, the other claims must also be submitted to the jury. Commenting on this opinion, Professor Wright states:

"This would suggest that where legal and equitable claims arise from a single set of facts, it may be held not only that the legal claim must be tried first, as previously required by *Beacon Theatres*, but also that the whole case must be submitted to the jury. However, the *Fitzgerald* case has had no generative force outside the maritime area, and it is doubtful the Court meant to go beyond the particular issue the case presented." Wright, *Law of Federal Courts*, § 92, page 455, West Publishing Co., 1976.

It is therefore clear in the instant case that the jury must determine all fact issues that are common to both the legal and equitable claims. If, after that, there are any other issues that are equitable in nature, the Court will determine them. The Court will make a determination based upon the finding of the jury of the disposition of the equitable claim.