Jackie Lee LYONS, Appellant,

v.

OHIO RIVER SAND AND GRAVEL COMPANY, a subsidiary of McDonough Company and the dredge vessel "Joe Lucas", Appellees.

No. 79–1731.

United States Court of Appeals,
Fourth Circuit.

Argued June 9, 1982.

Decided July 19, 1982.

David Nibert, Point Pleasant, W. Va. (Don C. Kingery, Kingery & Nibert, Point Pleasant, W. Va., on brief), for appellant.

Stanley M. Chesley, Cincinnati, Ohio (William R. Ellis, Waite, Schneider, Bayless &

**3.** We express no opinion as to the possible merits of a § 2255 or similar proceeding filed in the appropriate court.

Chesley, Cincinnati, Ohio, Howard F. Meek, Vinson, Meek, Peoples & Pettit, Huntington, W. Va., on brief), for appellees.

Before HALL, PHILLIPS and CHAPMAN, Circuit Judges.

PER CURIAM:

Plaintiff, Jackie Lee Lyons, a seaman, filed this action against defendants, The Ohio River Sand and Gravel Company and the dredge vessel "JOE LUCAS" seeking damages for negligence under the Jones Act, 46 U.S.C. § 688, unseaworthiness, and failure to provide adequate maintenance and cure. Following judgment for the defendants on all counts, plaintiff appeals. We affirm in part, reverse in part and remand for further proceedings.

Lyons was employed by the defendants as a seaman and deckhand upon the JOE LUCAS in navigation on the Ohio River near Parkersburg, West Virginia. According to his complaint, on May 5, 1975, Lyons injured his back, left leg and nervous system when he fell approximately twelve feet from the fourth deck to the third deck of the JOE LUCAS. Almost three years later, on April 29, 1978, Lyons claims that he re-injured these same areas while attempting to lift several heavy "shaker plates" in an effort to obtain other equipment. Thereafter, he instituted this suit, requesting a jury trial on all issues.

Prior to the selection of the jury, the defendants moved to exclude plaintiff's maintenance and cure claim from jury consideration. Over Lyons' objection, the judge granted this motion and trial proceeded on the negligence and unseaworthiness claims only.

At trial, the plaintiff presented evidence that his fall in May, 1975, was precipitated by either a loose grating or a rock upon which he may have stepped and lost his balance. Regarding the April, 1978, incident, Lyons' evidence indicated that his brother, the captain, sent him to the equipment barge to retrieve a "shaker screen," that when he arrived there he found the light screens stacked under much heavier "shaker plates," and that when he tried to move the plates he re-injured his back.

At the conclusion of plaintiff's case in chief, the trial judge granted defendants' motion for a directed verdict on the issue of the April 29, 1978, injury, ruling that there was no showing of either negligence or unseaworthiness concerning that incident. The court submitted the remaining claims stemming from the fall in 1975 to the jury which returned a verdict for the defendants.

Plaintiff's motion for judgment n.o.v. or, in the alternative, for a new trial was denied. He appeals contending that the district court erred in removing the claim for maintenance and cure from jury consideration and in directing a verdict for the defendants on the claims arising out of the April, 1978, injury. For the purposes of discussion we will analyze the second argument first.

I.

Plaintiff's theory regarding the injury sustained in moving the shaker plates was threefold: first, that the ship maintained an insufficient crew to perform the task on the day in question; second, that the captain was negligent in sending only one man to obtain a screen; and third, that the improper storage of the shaker screens rendered the ship unseaworthy.

The claim that the JOE LUCAS maintained an inadequate crew on April 29, 1978, is without merit. The evidence was uncontradicted that a full crew consisted of six men and that on that day there were six men on board. The evidence was also uncontradicted that, while it took up to three or four men to lift a shaker plate, one man could easily carry a shaker screen. Lyons testified that he was not ordered to try and lift the plate himself and conceded that he failed to seek any assistance when he encountered the heavy plate. Finally, while Lyons stated that the rest of the crew was busy at the time he was sent to retrieve the screen, he admitted that, as a general rule, crew members would assist each other

when problems arose requiring additional manpower to complete a job. Consequently, there was simply no evidence from which a jury could have concluded that on April 29, 1978, the crew of the JOE LUCAS was inadequate to perform the task of retrieving a shaker screen.

■ Similarly, there was no evidence to support the claim that the captain was negligent in sending only the plaintiff to secure a screen. As already noted, the testimony clearly indicated that carrying a screen was a one-man job, that Lyons was not ordered to attempt to lift a shaker plate by himself, and that Lyons was never refused assistance in the task when it became apparent that he should not undertake it alone. Furthermore, there was no evidence from which a jury could infer that the captain knew or should have known that Lyons would not be able to obtain the screen by himself or that he would attempt to move a plate without help. Thus, the plaintiff failed to establish a prima facie case of negligence. *See Rice v. Atlantic Gulf & Pacific Co.*, 484 F.2d 1318, 1320 (2nd Cir. 1973).

■ Finally, there is nothing in the record to support appellant's contention that the stacking of shaker plates on top of shaker screens rendered the vessel unseaworthy. The test of seaworthiness is whether the ship was, "in all respects pertinent to the injury, reasonably fit to permit [the seaman] to perform his task ... with reasonable safety." *Lester v. United States*, 234 F.2d 625, 628 (2nd Cir. 1956), *cert. dismissed*, 352 U.S. 983, 77 S.Ct. 384, 1 L.Ed.2d 366 (1957); *see also Gutierrez v. Waterman Steamship Corp.*, 373 U.S. 206, 213, 83 S.Ct. 1185, 1190, 10 L.Ed.2d 297 (1963). In the instant case, Lyons' brother, the captain, testified that occasionally it is necessary to store one type of equipment atop another due to lack of space. While the stacking of plates on the screens presented an inconvenience to Lyons, it would not have threatened his safety but for his self-initiated attempt to lift the plate. Consequently, we believe that the storage of the screens did not render the JOE LUCAS unseaworthy.

In sum, the record is simply void of any evidence from which the jury could have concluded that the ship was unseaworthy or that the defendants were negligent with regard to the April 29, 1978, incident. Indeed, we agree with the district court that the sole cause of Lyons' injury was his failure to seek assistance in moving the shaker plate. Accordingly, the direction of verdict on this claim is affirmed.

## II.

■ Appellant's second contention is that under *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963), the district court erred in removing his maintenance and cure claim from jury consideration and he therefore is entitled to a new trial on all issues.

In *Fitzgerald* the Supreme Court held that "a maintenance and cure claim joined with a Jones Act claim *must* be submitted to the jury when both arise out of one set of facts." *Id.* at 21, 83 S.Ct. at 1650 (emphasis added). Defendants attempt to avoid the *Fitzgerald* rule by arguing that Lyons' maintenance and cure claim related only to his second injury in 1978 and that his Jones Act claim was based only on his first injury in 1975. From our reading of the record, however, it is clear that the claim for failure to provide adequate maintenance and cure and that for Jones Act negligence were each based on both the 1975 and the 1978 injuries. Lyons was therefore entitled to a jury trial as of right on his claim for maintenance and cure. *Id.*

We cannot agree, however, with Lyons' assertion that *Fitzgerald* requires a new trial on all issues. In that case, as here, the seaman's action was based on Jones Act negligence, unseaworthiness, and failure to provide maintenance and cure. The trial judge withheld the maintenance and cure claim from the jury which returned a verdict for the defendant on the negligence and unseaworthiness issues. Judgment against the defendant on the Jones Act claim was affirmed by the Second Circuit

and the Supreme Court refused to review that issue on certiorari. The shipowner argued that on remand the maintenance and cure claim would no longer be joined with the Jones Act claim and, therefore, could be tried by the court without a jury. The Supreme Court rejected that argument, however, saying, "[o]ur holding is that it was error to deprive the seaman of the jury trial he demanded, and he is entitled to relief from this error by having the kind of trial he would have had in the absence of error." *Id.* at 21–22, 83 S.Ct. at 1650–1651.

The only reasonable interpretation of this concluding sentence from *Fitzgerald* is that a new trial is required on the maintenance and cure claim only. Indeed, in an almost identical case the Second Circuit wrestled with this question and concluded, "[s]ince the actions of the Supreme Court [in *Fitzgerald*] make plain the relief it feels such a situation warrants, we are constrained to follow its example and remand only the claim for maintenance and cure for jury trial." *Franks v. United States Lines Co.*, 324 F.2d 126, 128 (2nd Cir. 1963); *see also Picou v. American Offshore Fleet, Inc.*, 576 F.2d 585, 587 (5th Cir. 1978).[1] To require more would be illogical and inefficient. Lyons has had his jury trial on his Jones Act and unseaworthiness claims. All he was deprived was a jury trial on maintenance and cure. Accordingly, that is his relief on remand.

For the foregoing reasons, we affirm in part, reverse in part, and remand for a jury trial on appellant's maintenance and cure claim only.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

---

1. Additionally, while there is no reported record of the subsequent history of *Fitzgerald*, counsel for appellees inform the Court that in that case the trial judge on remand permitted a new trial on the maintenance and cure claim only.