50 F.3d 19
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eugene L. YOUNG, Plaintiff-Appellee,
v.
Jong SON, et al., Defendants-Appellants.
 Nos. 93-16670, 93-16913.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1995.*
Decided March 21, 1995.
 
 1
 Before: TANG and O'SCANNLAIN, Circuit Judges, and MERHIGE, Senior District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Jong Son ("Appellant"), owner of the vessel Pacific Invader, appeals the district court's orders approving a settlement agreement between defendant City and County of San Francisco ("CCSF") and plaintiff Eugene Young ("Appellee"), and granting Young's motion to dismiss CCSF. This matter is properly before this Court pursuant to 28 U.S.C. Sec. 1291.
 
 I.
 
 4
 This matter originated as a personal injury action under the Jones Act. See 46 U.S.C. Sec. 688. Appellee joined CCSF as a co-defendant for allegedly failing to maintain the premises upon which Appellee was injured. CCSF filed a cross claim, alleging that Appellant, pursuant to a written lease, was obligated to indemnify and defend CCSF against any liability related to Appellee's suit. CCSF moved for summary judgment on its cross claim. The district court granted the motion, concluding that
 
 
 5
 the express terms of the indemnification clause obligate Jong Son to defend and indemnify CCSF against the allegations in plaintiff's complaint. Jong Son is therefore obligated to indemnify CCSF for any amounts that [it] may be required to pay plaintiff by way of judgment of[1] good-faith settlement, in addition to reimbursing CCSF for its attorneys' fees and costs incurred in litigating this cross-action.
 
 
 6
 E.R. at 80.
 
 
 7
 When Appellant failed to defend the suit, CCSF and Appellee negotiated a $150,000.00 settlement agreement and prepared a Stipulation for Dismissal. Appellant refused to sign the stipulation; thus, the district court dismissed CCSF upon Appellee's motion under Rule 41(a)(2). Soon thereafter, the district court issued an amended order pursuant to which the court, adding that there was "no just reason for delay," dismissed CCSF with prejudice. E.R. at 133-34.[2] Appellant noted a timely appeal from both orders.
 
 II.
 A. Standard of Review
 
 8
 "A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion." Stevedoring Services of America v. Armilla Int'l, 889 F.2d 919, 921 (9th Cir.1989) (citations omitted). Likewise, absent an abuse of discretion, the district court's approval of a settlement agreement will not be upset on appeal. See S.E.C. v. Randolph, 736 F.2d 525, 529 (9th Cir.1984) (citations omitted); Callie v. Near, 829 F.2d 888, 890 (9th Cir.1987) (citations omitted) (enforcement of non-class action settlement agreement committed to discretion of court); In re Equity Funding Corporation of America, 519 F.2d 1274, 1276 (9th Cir.1975) (citations omitted) (review of district court's approval of compromise agreement subject to abuse of discretion standard).
 
 B. Approval of the settlement agreement
 
 9
 Appellant asserts that Appellee and CCSF "colluded" to impose liability upon the Appellant, and that the district court's rulings restricted Appellant's ability to benefit from any litigation in its favor. On this basis, Appellant avers that the district court erred in concluding that the agreement was made in good faith, failed to consider various equitable factors in reaching this conclusion, and erred in not applying certain provisions of the California Code of Civil Procedure.[3]
 
 
 10
 To begin, the district court was in no way obligated to apply California law in reviewing the settlement agreement. Appellee's claim arose under general maritime law; thus, the rights, duties and obligations of the parties to his personal injury claim are determined by the federal courts, not the provisions of the California Civil Code or the California case law cited by Appellant. Fitzgerald v. U.S. Lines, Co., 374 U.S. 16, 20 (1963) (acknowledging legislative powers of Supreme Court in maritime context); Miller v. Christopher, 887 F.2d 902 (9th Cir.1989) (federal maritime law, not Sec. 877, controls determination as to whether good faith contribution bar applies). Accordingly, it was completely within the district court's discretion, without any mandated reference to state law, to determine whether the settlement agreement was a fair, reasonable and adequate compromise negotiated in good faith. See Randolph, 736 F.2d at 529 (consent decree must be approved where it is fair, reasonable and adequate).
 
 
 11
 The district judge plainly concluded that the agreement at issue satisfied this standard. At the outset of the final hearing, the court stated as follows:
 
 
 12
 [B]ecause the court's order granting summary judgment for [CCSF] clearly and specifically provided that Jong Son must indemnify [CCSF] for any judgment or good faith settlement, and because Jong Son failed to avoid payment of settlement by suing [CCSF], and because Jong Son has alleged no facts to show the settlement was not entered into in good faith, I did not find the argument advanced on behalf of Jong Son to be particularly meritorious.
 
 
 13
 I do not believe that Jong Son will suffer any prejudice as a result of this dismissal because Jong Son did contract to indemnify and defend [CCSF] since it refused to do that, he should now be prepared to honor his contract and indemnify.
 
 
 14
 E.R. at 147-48. The court was particularly influenced by the affidavit of CCSF's counsel which stated that Appellant repeatedly refused to defend the action absent certain concessions, and apparently disregarded CCSF's admonition that it would be compelled to pursue settlement negotiations with Appellee if Appellant did not defend the action. Id. at 150. Moreover, the district court reiterated its good-faith finding: "Based upon everything I have read, there is nothing to suggest that there is any bad faith, nothing but good faith." E.R. at 150. Finally, the district judge noted that the settlement amount was reasonable under the circumstances. See E.R. at 148.
 
 
 15
 The record thus reveals that the district court did not abuse its discretion in approving the settlement agreement between Appellee and CCSF. While cognizant that Appellant may be placed in an awkward situation, the court properly concluded that Appellant feathered his own nest. Quite simply, Appellant's failure to abide by a voluntary contractual obligation compelled CCSF to protect its rights, and the district court, in acknowledgement of these facts, approved the settlement. There was, in short, no abuse of discretion as the settlement was both made in good faith and reasonable, fair and adequate under the circumstances.
 
 C. Voluntary dismissal under Rule 41(a)(2)
 
 16
 Because this court concludes that the district court did not abuse its discretion in approving the settlement, it follows that dismissal of CCSF with prejudice under Rule 41(a)(2) did not constitute an abuse of discretion. "In this circuit, as elsewhere, a district court should grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result." Waller v. Financial Corp. of America, 828 F.2d 579, 582 (9th Cir.1987) (citations omitted); accord Stevedoring Services of America, 889 F.2d at 921. This burden remains the same whether the defendant is a settling or a non-settling defendant. Waller, 828 F.2d at 583 (citations omitted). The district court specifically found, and this Court agrees, that Appellant had a contractual obligation, and is not prejudiced simply by being compelled to honor his contract.
 
 III.
 
 17
 In summary, this court concludes that the district court did not abuse its discretion in either approving the settlement or granting Appellee's motion for voluntary dismissal of CCSF. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This language should properly read "judgment or good-faith settlement". See E.R. at 80. Appellant suggests that the language should be read as written. E.R. at 149-51. The District Court, however, stated its belief that there had been a "typographical error." Id. at 151-52. Indeed, the only logical way to read the sentence is the way suggested by CCSF and adopted by the District Court--"judgment or good faith settlement."
 
 
 [2]
 The district court presumably entered the amended order to ensure that there was, in fact, an appealable order. See F.R.Civ.P. 54(b) (in cases involving multiple parties, an appeal will lie only where the order both makes clear that the rights of one party have been fully adjudicated and pronounces a determination that there is no just reason for delaying an appeal); Continental Airlines, Inc. v. Goodyear Tire & Rubber Co., 819 F.2d 1519 (9th Cir.1987) (setting forth Rule 54(b) requirements); see Pedrina v. Chun, 987 F.2d 608 (9th Cir.1993) (order appealable where District Court dismissed defendant with prejudice and court entered judgment under Rule 54(b)); Lojek v. Thomas, 716 F.2d 675, 676 n. 1 (9th Cir.1983) (order appealable where complaint dismissed with prejudice)
 
 
 [3]
 Appellant also argues that the district court was obligated to follow section 2778 of the California Code of Civil Procedure in interpreting the indemnification clause. This court does not address this argument for the reason that appellant never raised an objection to the District Court's interpretation of the indemnification clause in the court below