IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31223
Summary Calendar
_____

DREY PUJOL,

                                        Plaintiff-Appellee,

versus

TRANSOCEAN OFFSHORE VENTURES, INC.,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-619-J
--------------------
November 9, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Transocean Offshore Ventures, Inc. ("Transocean"), appeals the district court's final judgment awarding Drey Pujol $123,993 in damages, plus interest, in his suit brought under the Jones Act, 46 U.S.C. § 688, and general maritime law.  Transocean requests a remittitur of the district court's award of $100,000 in general damages, arguing that the award was unreasonably high. Transocean also argues that the district court erred in awarding $23,112 in past lost wages for a nine-month period in 1999. Finally, Transocean argues that the district court erred in

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

awarding $881 in past medical expenses because Pujol incurred some of those expenses beyond his date of maximum cure.

A remittitur of the $100,000 award for general damages is not warranted because the district court's assessment of damages was not clearly erroneous and because the award did not exceed the greatest amount permitted under the maximum recovery rule. See Bass v. Phoenix Seadrill/78, Ltd., 749 F.2d 1154, 1169 (5th Cir. 1985); Caldarera v. Eastern Airlines, Inc., 705 F.2d 778, 783, 784 (5th Cir. 1983). The district court likewise did not err in awarding $23,112 in past lost wages given (1) the court's finding that Transocean's offer of light-duty work would have disrupted Pujol's ongoing treatment and physical-therapy regimen and (2) the court's reliance on Dr. Paul Doty's trial testimony indicating that Pujol was suffering from continuing pain and disability. See Williams v. Reading & Bates Drilling Co., 750 F.2d 487, 490 (5th Cir. 1985). Finally, the district court did not err in awarding $881 in past medical expenses because, although medical expenses recoverable under maintenance and cure are limited to the point of maximum cure, the district court's award was based on Transocean's negligence and, as such, properly encompassed all medical expenses. See Fitzgerald v. U.S. Lines Co., 374 U.S. 16, 19 & n.7 (1963).

AFFIRMED.