**Duke McIntosh PRIEST, Plaintiff,**

**v.**

**Cecil RHODES, Defendant.**

**No. EC 72–49–S.**

United States District Court,
N. D. Mississippi, E. D.

Sept. 15, 1972.

Armis E. Hawkins, Houston, Miss., Paul M. Moore, Calhoun City, Miss., for plaintiff.

L. F. Sams, Jr., of Mitchell, McNutt & Bush, Tupelo, Miss., for defendant.

## ORDER

ORMA R. SMITH, District Judge.

This action is before the court on plaintiff's motion to strike defendant's written demand for a trial by jury and defendant's motion for trial by jury by order of the court pursuant to Rule 39(b) F.R.Civ.P.

Defendant's answer was properly and timely served by mail upon plaintiff on June 2, 1972. The original of the answer was filed with the clerk on June 5, 1972. Defendant served written demand for trial by jury upon plaintiff by mail on June 14, 1972. The original was filed on June 15, 1972.

Rule 5(b) F.R.Civ.P. provides, inter alia, "Service by mail is complete upon mailing". It is clear that defendant did not demand a trial by jury within the ten-day period for which provision is made in Rule 38(b) F.R.Civ.P. The failure to serve the demand within the time specified constituted a waiver by defendant of a trial by jury. Rule 38(d) F.R.Civ.P.

Rule 6(e) F.R.Civ.P., provides:

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period.

 Defendant argues that under this rule plaintiff had until June 15 within which to serve a written demand for a jury trial, and that defendant should have the same privilege. Defendant is the party who served the answer, and not the party upon whom service was made. It is perfectly clear that argument is without merit.

The court finds that defendant failed to file the written demand for a trial by jury within the time allowed by the rule, and that such failure constituted a waiver by him of the right to a trial by jury. The court will enter an order striking the demand.

Defendant supports his motion for a trial by jury by order of the court entered under the authority of Rule 39(c) F.R.Civ.P. with the affidavit of his attorney setting forth the circumstances surrounding the late filing of the demand. It is shown in the affidavit that the case was received in the office of the attorney on May 25, 1972. At the time the attorney was engaged in pressing matters relative to a jury trial in this court, and was unable to prepare the answer until the night of June 1, 1972. The answer was mailed from his office and served upon plaintiff on June 2, 1972. The attorney was out of his office on vacation from June 3, 1972 until June 12, 1972. On his return he discovered, on June 14, 1972, that he had inadvertently omitted to append to the answer a demand for trial by jury. Such a demand was immediately prepared and served on plaintiff.

Thus, we have a situation where defendant intended at all times to demand a trial by jury—a right guaranteed to him by the Seventh Amendment to the Constitution of the United States. This right, however, was waived because of the oversight of his attorney. The demand was filed two days late.

This court, in State of Mississippi v. Hurst, D.C., 41 F.R.D. 186 (1966), speaking through the late Honorable Claude F. Clayton, District Judge, said:

The Seventh Amendment right to a jury trial in a federal court is basic and fundamental, but once this right has been waived, the court has, under Rule 39(b), broad discretion in relieving a party, or parties, from such a waiver.

The Fifth Circuit has spoken clearly on this subject in two cases, Swofford v.

B & W Incorporated (5 Cir. 1964) 336 F.2d 406 and Albert v. R. P. Farnsworth & Co. (5 Cir. 1949) 176 F.2d 198. The court said in *Swofford*:

> The right to a jury in a federal court as declared by the Seventh Amendment is a basic and fundamental feature of our system. And when the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary.[1]

The well-recognized rule is clearly expressed by Professors Wright and Miller in 9 Wright & Miller, Fed.Practice & Procedure; Civil § 2321, where they state "Waiver by failure to make a timely demand is complete even though it was inadvertent and unintended and regardless of the explanation or excuse. The court has discretion under Rule 39(b) to relieve a party from his waiver by ordering jury trial even though there was no timely demand but district judges have been extremely reluctant to exercise this discretion in favor of jury trial".

This court must consider motions of this character in the light of the facts peculiar to the case under consideration. Giving due consideration to the facts involved in the action sub judice and to Judge Clayton's opinion in *Hurst, supra,* and the opinions of the Fifth Circuit in *Swofford* and *Albert, supra,* the court is of the opinion and so holds that defendant's motion for a trial by jury pursuant to Rule 39(b) should be sustained.

It is, therefore, the order of the court that:

1) Plaintiff's motion to strike the demand for a trial by jury filed by defendant herein shall be, and the same hereby is, sustained and the said demand is hereby stricken;

2) That defendant's motion for a trial by jury pursuant to Rule 39(b) shall be, and the same hereby is, sustained and defendant is hereby granted a trial by jury on all issues involved in the action.