THREE RIVERS ROCK COMPANY,
Plaintiff,

v.

WEATHERS TOWING, INC., Defendant.

No. GC 78–100–S–O.

United States District Court,
N. D. Mississippi,
Greenville Division.

April 19, 1979.

Lawrence D. Wade, Campbell & DeLong, Greenville, Miss., W. J. Larzelere, Jr., Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, La., for plaintiff.

Wayne Drinkwater, Lake, Tindall, Hunger & Thackston, Greenville, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The complaint in the action sub judice was filed August 2, 1978. The answer, which contained a motion to dismiss, was filed November 13, 1978, more than three months later.

The motion to dismiss was submitted to the court on memoranda, affidavits and oral arguments at Oxford, Mississippi, February 9, 1979, nearly three months after the motion was filed. At the close of the hearing, the court overruled the motion. On representation of counsel that the action was ready for early hearing at any division point in the district, the court announced that the non-jury action could be heard at Oxford on Tuesday, May 1, 1979. A definite setting was thereupon arranged on the court's trial calendar by the courtroom deputy clerk in charge of the court's docket.

The parties have been active in trial preparation. Defendant, on March 12, 1979, filed 139 requests for admission. The responses by plaintiff were filed April 17, 1979. Plaintiff's requests for admissions, 43 in number, were filed April 13, 1979.

■ The complaint contains two counts. The first cause of action is concededly one over which this court has admiralty jurisdiction. The second cause of action alleges defendant's failure to honor the option-to-purchase clause of a bareboat charter for the sale of a vessel [the subject of the charter] and does not come within the admiralty jurisdiction of the court. *Atlantic Lines, Ltd. v. Narwhal, Ltd.,* 514 F.2d 726 (5th Cir. 1975); *Richard Bertram & Co. v. Yacht Wanda,* 447 F.2d 966 (5th Cir. 1971); *Jack Neilson, Inc. v. Tug Peggy,* 428 F.2d 54 (5th Cir. 1970).

Fed.R.Civ.P. 38(a)(b), (d) and (e) provide:
Rule 38. Jury Trial of Right.

(a) Right preserved. The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.

(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

. . . . .

(d) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

(e) Admiralty and Maritime Claims. These rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h).

■ Defendant has not served a jury demand as required by Rule 38(b). The failure to comply with the provisions of Rule 38(b) constituted a waiver of the right to a jury trial on count two of the complaint, and, by virtue of the rule announced by the Supreme Court in *Fitzgerald v. United States Lines,* 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720, *reh. den.* 375 U.S. 870, 84 S.Ct. 26, 11 L.Ed.2d 99 (1963), on the admiralty cause of action in count one, as well.

Having waived its right to a jury trial for failure to file a timely request, defendant seeks to have the court order a trial by jury, pursuant to Rule 39(b), Fed.R.Civ.P. Defendant's motion for such relief was filed March 15, 1979.

Rule 39(b) provides:

(b) By the Court. Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court: but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

An affidavit by defendant's counsel accompanying the motion, provides in pertinent part:

This action was commenced on August 2, 1978. On behalf of Weathers Towing, Inc., I filed a Motion to Dismiss and/or Answer on November 13, 1978. At that time, I inadvertently omitted to demand a jury trial as to all issues in the case.

My failure to make this demand was due solely to inadvertence. At the time it was also unclear to me that defendant would have a right to jury trial in this case.

Through additional research by lawyers in our office, it has become apparent that a right to jury trial exists on the issues in this case. The attached Motion for a Jury Trial is being filed promptly after discovery of this fact.

The court has considered previously, the question with which the court is now confronted and has indicated its adherence to the rule enunciated by the United States Court of Appeals for the Fifth Circuit in *Swofford v. B. & W. Incorporated,* 336 F.2d 406 (5th Cir. 1964) and *Albert v. R. P. Farnsworth & Co.,* 176 F.2d 198 (5th Cir. 1949).

In *Albert,* the court said:

As to the motion for trial by jury, while the right to a jury in a federal court, as declared by the Seventh Amendment is a basic and fundamental feature of our system, we are of the opinion that, because of the lateness of the demand, denial was not error. We are of the further opinion, however, that if upon remand the discretion of the court is invoked under Rule 39(b) by a timely motion for a jury trial, the court may, and, in the absence of strong and compelling reasons to the contrary, should grant the motion.

176 F.2d at 203. (footnotes omitted)

This court followed the *Albert* court in *Priest v. Rhodes,* 56 F.R.D. 478 (N.D.Miss. 1972) exercising its discretion in favor of the jury trial under Rule 39(b). The court was careful, however, to recognize the rule expressed by Professors Wright and Miller in 9 C. Wright & A. Miller, *Federal Practice and Procedure,* § 2321 (1971). The court said in *Priest:*

The well-recognized rule is clearly expressed by Professors Wright and Miller in 9 Wright & Miller, Fed.Practice & Procedure; Civil § 2321, where they state "Waiver by failure to make a timely demand is complete even though it was inadvertent and unintended and regardless of the explanation or excuse. The court has discretion under Rule 39(b) to relieve a party from his waiver by ordering jury trial even though there was no timely demand but district judges have been extremely reluctant to exercise this discretion in favor of jury trial.

56 F.R.D. at 480.

Magistrate Powers followed the opinions of this court in *Priest* and *Mississippi v. Hurst,* 41 F.R.D. 186 (N.D.Miss.1966) and the Fifth Circuit's opinion in *Swofford* to grant a jury trial in *Pate v. General Motors Acceptance Corp.,* No. EC 78–17–S (N.D. Miss. Dec. 19, 1978). There, the jury demand was prepared for filing with the complaint, but for some reason did not reach the clerk's office. When an examination of the file by plaintiff's attorney disclosed the error, a prompt motion for a trial by jury was made.

It is universally recognized, as Judge Rives said in *Swofford,* that "the court has a broad discretion in determining whether to relieve a party from waiver of jury trial, and its decision will be reversed only for abuse of discretion." 336 F.2d at 408.

While the court's inclination is to afford every party a jury trial where one is requested, out-of-time requests cannot be granted routinely, without doing violence to the provision of Rule 38(d).

■ The record here reflects that counsel was not sure of the right of his client to a jury trial on all issues, but, nevertheless, inadvertently failed to timely file the request in order to bring the issue before the court for determination. Three months passed after the commencement of the action before answer was filed. Another three months passed before the motion to dismiss was heard and overruled. More than thirty days thereafter, after research by members of the firm representing defendant reflected that defendant had a right to a jury trial on all issues, the motion sub judice was filed.

In the meantime, however, at the hearing on the motion to dismiss, the parties having indicated that an early trial was desirable at any division point, the action was set for trial without a jury at Oxford. If a jury trial is granted the action must be removed from the trial docket, and calendared for a jury trial at Greenville. The court's fall docket at Greenville for trial of jury cases is crowded. The chances are that the action cannot be set for a jury trial until the Spring of 1980.

The court prefers that factual issues in all cases be tried to a jury, but plaintiff's rights to an early disposition of the action cannot be overlooked.

The court has concluded that the facts here involved do not warrant granting the motion.

The court will enter the appropriate order.