**Petition of MINERVA BOAT CO., Inc.
THE JOSIE B.**

United States District Court
S. D. New York.
May 17, 1950.

Alexander & Ash, New York City, proctors for petitioner (Sidney A. Schwartz, New York City, advocate).

Morris Sirota, New York City, proctor for claimant (Gilda Tedesco, New York City, advocate).

LEIBELL, District Judge.

The Minerva Boat Co., Inc., as owner of the launch Josie B, filed in this court on May 3, 1946, a petition for exoneration from or limitation of liability pursuant to 46 U.S.C.A. § 183. The launch was valued at about $1950. A suit had been started in the New York Supreme Court by the administratrix of the estate of Michael J. Cesario for damages, charging that he had met his death through the negligence of the employees of the petitioner herein. After this limitation proceeding was instituted the administratrix filed a claim herein and answered the petition. At the trial of this proceeding the claimant's counsel conceded petitioner's right to limitation of liability but contested the petitioner's contention that it was entitled to exoneration. The claimant asserted that the master of The Josie B had been negligent in two respects: (1) in that he did not remain close at hand while Cesario was climbing the Jacob's ladder on the starboard side of the S. S. Scottish Heather but instead immediately departed after Cesario got aboard the first rung of the ladder; and (2) that the master of The Josie B did not render prompt aid and assistance when Cesario fell into the bay from The Scottish Heather's ladder.

Cesario was a watchman employed by the McRoberts Detective Agency Inc. He had been assigned to act as a watchman aboard The Scottish Heather when that ship was anchored in New York bay about 700 yards off the Staten Island coast, between Tompkinsville and Stapleton. To get to his ship he bought a ticket from the petitioner, Minerva Boat Co., and boarded its launch, The Josie B, which had five or six other passengers. As the launch approached The Scottish Heather, which was anchored with her bow pointing north and her starboard side towards the Brooklyn shore, a United States cruiser was seen approaching headed out to sea about 1000 yards to starboard of The Scottish Heather. The Josie B pulled up alongside the Jacob's ladder of The Scottish Heather, which was on the ship's starboard side, and Cesario stepped on to the first rung of the ladder which was about four or five feet above the water. The Josie B immediately pulled away and headed off to deliver her next passenger to another ship.

Cesario experienced difficulty when he was about at the fourth rung of the ladder. What happened is described in a statement which was later signed by five members of her crew including the second and third officers. The statement reads as follows: "At about 1300 Hours a boat was seen to approach the ship. On arrival a man left to board the vessel. When he had stepped on to the ladder the boat immediately departed. The man had climbed about four rungs when he appeared to be in difficulties. Whiteman A. B. who was on Gangway Watch then went down to assist him, and the 2nd Officer called to the Boat to return to the Ship. The man, however, was unable to maintain his hold on the ladder and fell into the water. He had been on the ladder about two minutes. Whiteman then imme-

diately dived in to assist him, and the life-buoy on the gangway was thrown to them. Whiteman after a vary hard struggle succeeded in getting him into the lifebuoy with his head above water. The man appeared to be in a helpless condition and he was seen to have swallowed quantities of water. He was unable to help himself, and as Whiteman was experiencing great difficulties in keeping him above water the Third Officer also dived in to render further assistance. By then, about 1307 hours, the boat had returned to the ship and the Second Officer and Lewis A. B. entered it and helped pull the man into the boat. The Second Officer then loosened his clothing and rendered artificial respiration whilst the boat proceeded with all speed to Pier 18."

When Cesario started to climb the Jacob's ladder it was flat against the side of the ship and was in all respects safe and strong. For some unexplained reason he had difficulties when about on the fourth rung. He was a stocky, heavy man, weighed about 200 pounds and was 57 years old. The swells from the cruiser had not yet reached The Scottish Heather when he fell from the ladder. But before The Josie B got back to the ship the swells were making Cesario's rescue difficult. All efforts to resuscitate him were unsuccessful and he was pronounced dead by drowning, although he had been in the water only about five minutes.

There is no custom or practice in New York harbor that the launch wait near the ship until the seaman mounts the Jacob's ladder and is safe aboard. The weather conditions about 1 P.M. on April 6, 1945, were good; there was little wind and the day was fair.

■ In an exoneration and limitation of liability proceeding under Section 183 of Title 46 U.S.C., the right to limitation having been conceded, the claimant has the burden of proving by a preponderance of the evidence that the negligence of the vessel was the cause of the injury. In re Great Lakes Towing Co., D.C.Minn.1948, 79 F. Supp. 1, 5; The C. G. R.–180, D.C.Mich. 1946, 70 F.Supp. 975, 978; The 84–H, 2 Cir., 1923, 296 F. 427, certiorari denied 264 U.S. 596, 44 S.Ct. 454, 68 L.Ed. 867; Anderson

v. Alaska S. S. Co., 9 Cir., 1928, 22 F.2d 532. In the case at bar there was no negligence on the part of the master of The Josie B, that contributed to or helped bring about the accident.

Findings of fact and conclusions of law have already been filed. Petitioner is entitled to a decree granting exoneration from liability and dismissing the claim of the administratrix on the merits.

Settle a decree accordingly.