**In the Matter of the COMPLAINT OF ILLUSIONS ·HOLDINGS, INC. as Owner of the Vessel Illusions for Exoneration from and Limitation of Liability.**

No. 98 Civ. 4486(RMB).

United States District Court, S.D. New York.

Dec. 21, 1999.

———

David R. Hornig, Nicoletti Hornig & Sweeney, New York City, for Illisions Holdings, Inc.

Stacy J. Sussman, Wagner, Davis & Gold, P.C. New York City, for Steven R. Wagner.

*DECISION AND ORDER*

BERMAN, District Judge.

Two actions, one sounding in common law negligence and the other in admiralty, have been heard simultaneously for reasons, among others, of judicial economy and efficiency. *See* Fed.R.Civ.P. 1 (Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action"). On November 10, 1999, following a three day trial, the jury returned a verdict for Petitioner/Defendant Illusions Holdings, Inc. ("Illusions") and against Claimant/Plaintiff Steven R. Wagner ("Wagner") in the common law negligence action. The Court now finds for Illusions on the admiralty (exoneration) issues as well. *See Complaint of Poling Transportation Corp.,* 776 F.Supp. 779, 782 (S.D.N.Y.1991) ("[u]pon application by the vessel owner, see Supplemental Rule F(3), Fed.R.Civ.P., the district court may conduct a proceeding to determine whether exoneration or limitation is appropriate, pursuant to its jurisdiction under § 1333").

*Background*

Wagner sought damages resulting from injuries he allegedly sustained to his shoulder while scuba diving in the British Virgin Islands on December 23, 1994. Wagner claimed that he injured his shoulder at the end of a dive while attempting to remove his buoyancy control device ("BC"). Wagner alleged that the injury resulted from the negligence of Illusions, which is the owner of the vessel ILLUSIONS from which the dive was conducted and which employed Captain Tom Zurich ("Zurich"). Zurich led Wagner on the dive.

Wagner alleged that Zurich led him on a dive which Zurich knew or should have known exceeded Wagner's level of diving expertise and that when Wagner became exhausted at the end of the dive, Zurich "abandoned" him and, thereafter, failed to assist him in removing his BC. Illusions countered that Wagner was an experi-

enced ("PADI certified")[1] diver; that the dive (planned at a dive site called Blonde Rock) was well within Wagner's capabilities; that Wagner personally determined he was qualified to dive at Blonde Rock; and that Wagner's (alleged) shoulder injury was due to his own negligence in failing to properly remove his BC.

Wagner's negligence action was initially filed in New York State Supreme Court on or about December 19, 1997. Thereafter, Illusions commenced an action in this Court, pursuant to the Limitation of Liability Act, 46 U.S.C.App. § 183 *et seq.*, seeking exoneration from liability or, alternatively, limitation of liability to the value of the vessel, which was stipulated to be $300,000.

As noted, the parties agreed that Wagner's common law negligence claim against Illusions would be tried to a jury in this Court. (*See* Stipulation dated November 4, 1999). The parties also agreed that, **at the same time,** this Court, sitting in admiralty pursuant to 28 U.S.C. § 1333, would hear the evidence and make an independent determination of Illusions' claims as to exoneration or limitation as provided in 46 U.S.C.App. § 183 *et seq.* (*See* Stipulation dated November 4, 1999). This procedure was intended to preserve the Court's admiralty jurisdiction and Wagner's right to a jury trial on his negligence claims, as well as to speed the resolution of all of the parties' claims and avoid the time and expense of proceeding in multiple forums. *See In Matter of Complaint of Poling Transportation Corp.,* 776 F.Supp. 779 (S.D.N.Y.1991).

On November 10, 1999, after a three day trial in this Court before a jury, the jury reached a unanimous verdict that, by a preponderance of the evidence, Illusions was not negligent. Specifically, the jury answered the following question in the negative: "Do you find by a preponderance of the evidence that Defendant Illusions Holdings, Inc. was negligent? Answer: No." (Verdict Sheet dated November 10, 1999).

### Admiralty Ruling

After due consideration of the facts and evidence which was presented by the parties at trial of this matter through (live) witnesses, exhibits and deposition testimony, and having had the opportunity to assess the demeanor of the witnesses, and review and weigh the evidence, this Court hereby finds and holds that it was established by a preponderance of the evidence that Petitioner Illusions Holdings, Inc., the vessel ILLUSIONS, and its crew, including Captain Zurich, were free from fault and negligence, in the matters alleged by Steven R. Wagner and presented at the trial of this action. *See, e.g., Petition of Minerva Boat Co., Inc.,* 92 F.Supp. 694, 696 (S.D.N.Y.1950).[2]

### Order

For the reasons set forth above, it is ordered that Illusions Holdings, Inc. is hereby exonerated from liability in this action under the Limitation of Liability Act, 46 U.S.C.App. § 183 *et seq.* and Supplemental Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and the statutes supplemental thereto and amendatory thereof. The parties are directed to appear on December 28, 1999 at 10:00 a.m. in Courtroom 706, 40 Centre Street, New York, New York to resolve any remaining issues concerning costs. (*See* Decision and Order dated November 1, 1999).

1. PADI stands for Professional Association of Diving Instructors.

2. Among other things, the Court finds that: the dive was properly organized and conducted; the equipment was properly maintained; Wagner was a PADI certified diver who had completed 30 to 50 open water dives prior to December 1994 and was more than skilled enough for the dive; Zurich did not abandon Wagner; and Wagner caused his own injury.