**In the Matter of the Complaint of IL-LUSIONS HOLDINGS, INC. as Owner of the Vessel Illusions for Exoneration from and Limitation of Liability.**

No. 98Civ.4486(RMB).

United States District Court, S.D. New York.

March 15, 2000.

David R. Hornig, Nicoletti Hornig & Sweeney, New York City, NY, for Illisions Holdings, Inc.

Stacy J. Sussman, Wagner, Davis & Gold, P.C., New York City, NY, for Steven R. Wagner.

### DECISION AND ORDER

BERMAN, District Judge.

### Background

On or about December 19, 1997, Steven M. Wagner ("Claimant/Plaintiff" or "Wagner") filed a common law negligence action against Illusions Holdings, Inc. ("Petitioner/Defendant" or "Illusions") in New York State Supreme Court. Thereafter, Illusions commenced an action in this Court, pursuant to the Limitation of Liability Act, 46 U.S.C. § 183 *et seq.*, seeking exoneration from liability or, alternatively, limitation of liability to the value of the vessel.

The parties agreed that Wagner's common law negligence claim against Illusions would be tried to a jury in this Court. (*See* Stipulation dated November 4, 1999). The parties also agreed that, at the same time, this Court, sitting in admiralty pursuant to 28 U.S.C. § 1333, would hear evidence and make an independent determination of Illusions' claims as to exoneration or limitation as provided in 46 U.S.C.App. § 183 *et seq.* (*See* Stipulation dated November 4, 1999).

On November 10, 1999, following a three day trial, the jury returned a verdict for Illusions and against Wagner in the common law negligence action. By Order dated December 18, 1999, this Court granted Illusions exoneration from liability in this action. *See Complaint of Illusions Holdings, Inc.,* 78 F.Supp.2d 238 (S.D.N.Y.

1999). Judgment was entered on January 24, 2000.

On February 10, 2000, the Clerk of the Court ("Clerk") entered a Bill of Costs in the amount of $4,547.65.[1] Wagner now moves this Court for an order reducing the costs awarded by the Clerk. Wagner argues that "Illusions should not be permitted to recover the travel costs of its witness Alan Shulman" because "Shulman's testimony was not necessary to the trial of this personal injury action ..." (Patchen Affidavit at ¶ 3). Wagner also contends that "[i]n the event that it is determined that Illusions is entitled to recover for Shulman's travel expenses, the requested amount must be significantly reduced." (*Id.* at ¶ 4). Oral argument was held on March 14, 2000. For the reasons set forth below, Wagner's motion is denied.

### Analysis

In their letter brief in opposition to Wagner's motion, Illusions' points out that Dr. Shulman's "testimony was not only necessary but relevant in this case. As President of Illusions Holding, Inc., Dr. Schulman [sic] was the person who determined that Captain Tom Zurich was qualified to act as a dive master for the vessel. Dr. Schulman [sic] was the individual who established standing orders regarding maintenance and operation of the vessel Illusions. Dr. Schulman [sic] was the individual who personally purchased diving equipment for the vessel Illusions and who personally inspected the equipment including the buoyancy control device Steven Wagner was using at the time of his injury." (Horning Letter dated March 10, 2000).

Thus, it is beyond question that Dr. Shulman's testimony was highly relevant

---

1. The Bill of Costs submitted to the Clerk by Illusions was in the amount of $5,235.94. The Clerk, however, reduced this amount to $4,547.65.

and helpful in the proceedings. It should be noted that, in their Joint Pre–Trial Order, the parties agreed that Dr. Shulman would testify at trial for Illusions. (*See* Joint Pre–Trial Order dated September 28, 1999 at 13–14). Wagner specifically objected to two of Illusions' potential witnesses (i.e., Joe Giacinto and Michael Van Blaricum), but did not object to Dr. Shulman's testimony. (*Id.* at 13–14, 17).

The Court has considered Wagner's other arguments and finds them to be without merit.

### Conclusion

For the foregoing reasons, Wagner's motion is denied.